## EXECUTORS OF ISAAC ROWE vs. SARAH WHITE.

Isaac Rowe, by his last will and testament, gave as follows: " I give and devise unto Sarah White the sum of $5000, to be paid unto the said Sarah White; and if the said Sarah White die without an heir or heirs, the said sum of $5000 is to go to Leonard Crum, the son of Henry Crum." *Held—*

The first legatee takes a present vested interest in the fund, liable to be divested upon the contingency of her dying without issue. The limitation over, being upon a definite failure of issue, is good by way of executory bequest.

1. In the case of a specific bequest of chattels for life, and a limitation over by way of remainder, the legatee in remainder is no longer entitled, as formerly, to call upon the tenant for life for security that the chattels shall be forthcoming after his decease. The recognized practice of the court now is, to require an inventory to be signed by the devisee for life, and to be deposited with the master for the benefit of all parties.

2. Personal property not given specifically but *generally*, or as a residue of personal estate, must be converted into money ; the interest only to be enjoyed by the tenant for life, and the principal reserved for the remainderman. This rule prevails, unless there be in the will an indication of a contrary intention.

3. Where a legacy is given generally, subject to a limitation over upon a subsequent event, the divesting contingency will not prevent the legatee from receiving his legacy at the end of a year from the testator's death, and he is not bound to give security for repayment of the money in case the event should happen.

4. In the case of a legatee for life, or subject to a limitation over, in order to justify the requisition of security from the first legatee, there must be danger of the loss of the property in the hands of the first taker.

5. The mere fact that the legatee for life is a *feme covert*, cannot in *itself* furnish any evidence of danger of loss.

6. A bill for relief on the ground of danger of loss of a legacy for life, subject to a limitation over by way of remainder, is in the nature of a bill *quia timet*, and may be filed as well against the executor himself, where the fund is in his hand, as against the legatee for life, where the fund is in his hand.

---

*B. Vansyckel*, for complainants.

It is admitted that Sarah White, the first legatee, took an estate for life. The statute, *Nix. Dig.* 917, § 4, removes all doubt as to the construction.

It is admitted that the legatee for life is forty-six years of age, that she has never had any children, and that her husband is still living.

The recent cases show that the legatee for life is entitled to the fund without security, unless there is something special, which in the discretion of the executors requires it: *Slanning* v. *Style*, 3 *P. W.* 334; *Leeke* v. *Bennet*, 1 *Atk.* 470; *Bill* v. *Kinaston*, 2 *Atk.* 82; *Covenhoven* v. *Shuler*, 2 *Paige* 132; *Howe* v. *Earl of Dartmouth*, 7 *Vesey* 137; *Griffiths* v. *Smith*, 1 *Vesey* 97; *Colston* v. *Morris*, 6 *Madd.* 89; *Loveday* v. *Hopkins*, *Ambler* 273; 1 *Roper on Leg.* 315; 9 *Mod.* 93; 2 *Kent's Com.* 354, *notes;* *Evans* v. *Iglehart*, 6 *Gill & Johns.* 171; *De Peyster* v. *Clendining*, 8 *Paige* 295.

If a legacy goes into the hands of a married woman, the husband will take it. It will be lost to the legatee in remainder.

If a spendthrift or insolvent were about to receive it, security would be required.

If the legacy remain in the hands of the executors, and there is danger of loss, security may be required. *Cleveland* v. *Havens*, 2 *Beas.* 101.

*Van Fleet*, for defendant.

The bill does not raise the question of danger. The only question is as to the personal liability of the executors.

Mrs. White will hold the fund as an unmarried woman. *Nix. Dig.* 503, § 3.

The intention is clear. It is a gift of *money* to be paid over, not of *use.*

The executors must execute the will. Thus only, will they be relieved from liability.

Leonard Crum must look to the estate of Mrs. White, not to the executors. *Dewitt* v. *Schoonmaker*, 2 *Johns, R.* 243.

I admit that, at the instance of Crum, the legatee in remainder, the court might require security. 1 *Story's Eq.*, § 604.

The legatee in remainder is a party, but does not answer. He does not ask security. 2 *Williams on Ex'rs* 1192; 18 *Vesey* 131; 1 *Vesey* 97; 1 *Roper on Leg.* (3d ed.) 752; *Hull* v. *Eddy*, 2. *Green's R.* 169.

As to the question of costs. *Kay* v. *Kay's Ex'rs*, 3 *Green's Ch. R.* 502; 2 *Beas.* 121.

*Beasley*, on the same side.

There are three classes of cases.

1. Bequests of specific chattels.

In the case of a bequest of specific chattels, the old practice was to require security of the legatee for life. *Bracken* v. *Bently*, 1 *Ch. R.* 110; *Hart* v. *Hart, Ibid.* 260; 1 *Eq. Cases Ab.* 78; *Freeman's Ch. R. case* 280, *p.* 206.

The practice was changed before Hardwicke's time, on principle. An inventory was then required to be deposited with the master; security no longer taken. *Bill* v. *Kinaston*, 2 *Atk.* 82; *Leeke* v. *Bennet*, 1 *Atk.* 470; 2 *P. W.* 1258; 2 *Kent's Com.* 354; *Foley* v. *Burnell*, 1 *Bro. Ch. R.* 279; *Conduitt* v. *Soane*, 1 *Collyer's R.* 285.

The rule is changed to carry out the *intention* of the testator. Here the testator did not require security.

2. General bequest of residue of personal estate for life, with remainder over.

There the executors were to convert property into money; invest the proceeds, and pay the interest to the legatee for life. 2 *Kent's Com.* 354; 1 *Story's Eq.*, § 604, *note* 1.

3. Legacy given generally, subject to limitation over on the happening of a subsequent event.

There legatee never required to give security, except in case of *danger*. All cases, with one exception, agree. 2 *Williams on Ex'rs* 1251, 1192; 1 *Roper on Leg.*, (2d Am. ed.) *ch.* 14, § 2, *p.* 864. The contrary doctrine held in *Colhoun* v. *Thomson*, 2 *Molloy* 281.

The principle is, that as the testator has entrusted the legatee with money, no one has authority to require security. *Hull*

2 M *

v. *Eddy*, 2 *Green's R.* 169, 176; *Vanpelt's Ex'rs* v. *Veghte*, *Ibid.* 207; *Homer* v. *Shelton*, 2 *Metc.* 194; *Hudson* v. *Wadsworth*, 8 *Conn.* 349; *Langworthy* v. *Chadwick*, 13 *Conn.* 46.

A case of danger must be made in pleading. The legatee for life might show that she has a large estate, and that there was, therefore, no cause for requiring security. She has a right to respond.

The mere fact that the legatee for life is a married woman, does not make a case of danger.

If the court say she must give security, it must declare in all cases that the wife must give security.

The will expressly directs payment to her. It was the intention of the testator.

*Wurts*, in reply.

The will is inartificially drawn. The phrase to be "paid to legatee," makes no difference.

It is immaterial whether Crum has answered or not. *Cleveland* v. *Havens*, 2 *Beas.* 101.

In the absence of danger no security will be required; if, however, there is danger, it will be required.

It was a delicate matter for Crum, the executor, to question the solvency of his sister and her husband. So it was for the nephew and legatee in remainder.

Mr. Wurts further cited, 1 *P. W.* 502, 652; *Fairchild* v. *Crane*, 2 *Beas.* 105; *Condict's Ex'rs* v. *King, Ibid.* 375; *Kay* v. *Kay's Ex'rs*, 3 *Green's Ch. R.* 502; 34 *Ala.* 379; 2 *Jarman on Wills* 499; *Stone* v. *Maule*, 2 *Sim.* 490; 1 *Story's Eq.*, § 597, 603; *Horrell* v. *Waldron*, 1 *Vernon* 26; 2 *Fonb. Eq.* 321 (*Bk.* 4, *p.* 1, *ch.* 1, § 2); 2 *Story's Eq.* 845, 845 *a*; *Cooper* v. *Williams, Finch's Prec. in Chan.* 72, *case* 65.

THE CHANCELLOR. Isaac Rowe, of the county of Hunterdon, in and by his last will and testament, gave as follows: "I give and devise unto Sarah White, the wife of John White,

the sum of $5000, to be paid unto the said Sarah White; and if the said Sarah White die without an heir or heirs, the said sum of $5000 is to go to Leonard Crum, the son of Henry Crum."

The executors have filed their bill against the first legatee and her husband, and the legatee in remainder, asking that the proper construction of the bequest should be settled for their aid and direction, and that the money may, for their protection, be paid under the direction of the court.

The bill alleges that the legatee, Sarah, and her husband, demand the payment of the legacy, and threaten to institute proceedings at law against the executors, unless the money is forthwith paid; and that Leonard Crum, the legatee in remainder, forbids the payment of the money to Sarah White, unless she give ample security that the legacy shall be paid to Crum, in case the said Sarah White should die without issue.

Sarah White and her husband have answered the bill, claiming the payment of the legacy without giving security. No answer has been filed by Crum. There is no dispute as to the facts. Sarah White, the legatee, has had no issue born of her body, and is forty-five years of age.

There can be no question as to the construction and effect of the bequest. Sarah White, the first legatee, takes a present vested interest in the fund, liable to be divested upon the contingency of her dying without issue. The limitation over being upon a definite failure of issue, is good by way of executory bequest. *Hull* v. *Eddy*, 2 *Green's R.* 175, and cases there cited.

The only question made by the pleadings is, whether the first legatee is entitled to receive the fund, without giving security for its repayment in the event of her dying without issue.

Where there is a specific bequest of chattels for life, and a limitation over by way of remainder, the ancient rule in chancery was, that the person entitled in remainder, could

call upon the tenant for life for security that the chattels should be forthcoming after his decease; the tenant for life being regarded as a trustee for the remainderman. *Bracken* v. *Bently*, 1 *Ch. R.* 110; *Hart* v. *Hart, Ibid.* 260; 1 *Eq. Cas. Ab.* 78, " *Bills E;*" *Vachel* v. *Vachel*, 1 *Chan. Cas.* 129; *Freeman's Ch. R.* 206, *case* 280.

The last of these cases was decided in 1695. In *Leeke* v. *Bennet*, 1 *Atkyns* 470, decided in 1737, upon an application by the legatee in remainder, that the legatee for life should give security for the forthcoming of the goods, Lord Chancellor Hardwicke is reported to have said, he never knew it done, and therefore would not oblige the defendant to do it, but directed an inventory to be made and signed by the defendant and his wife, who was the legatee for life, and to be delivered to the plaintiff.

In *Bill* v. *Kinaston*, 2 *Atkyns* 82, decided in 1740, the same Lord Chancellor is reported to have said, that where goods are given to a person for life only, the old rule of the court was, that such person should give security that they should not be embezzled; but the method now is for an inventory to be signed by the devisee for life, and to be deposited with the master for the benefit of all parties.

Since the time of Lord Talbot, in 1734, this seems to have been the recognized practice of the court. *Slanning* v. *Style*, 3 *P. W.* 336; *Richards* v. *Baker*, 2 *Atkyns* 321; *Foley* v. *Burnell*, 1 *Brown's Ch. Cas.* 249; *Conduitt* v. *Soane*, 1 *Collyer's R.* 285; *Covenhoven* v. *Shuler*, 2 *Paige* 132; *De Peyster* v. *Clendining*, 8 *Paige* 303; 2 *Kent's Com.* 354; 2 *Williams on Ex'rs* 1258.

This class of cases is limited to specific bequests of chattels to the first taker for life only.

But personal property, not given specifically but generally, or as a residue of personal estate, must be converted into money; the interest only enjoyed by the tenant for life, and the principal reserved for the remainderman. *Howe* v. *Earl of Dartmouth*, 7 *Vesey* 137; *Benn* v. *Dixon*, 10 *Simons* 636; *Chambers* v. *Chambers*, 15 *Simons* 183; *Randall* v. *Russell*,

3 *Mer.* 193; *Covenhoven* v. *Shuler*, 2 *Paige* 122; *Clark* v. *Clark*, 8 *Paige* 152; *Cairns* v. *Chaubert*, 9 *Paige* 163; *Hull* v. *Eddy*, 2 *Green's R.* 176; *Ackerman's Adm'rs* v. *Vreeland's Ex'r*, 1 *McCarter* 23; 2 *Kent's Com.* 353; *Lewis on Perp.* 100; 2 *Story's Eq. Jur.*, § 845 a.

The rule prevails, unless there be in the will an indication of a contrary intention. *Collins* v. *Collins*, 2 *Mylne & Keene* 703; *Pickering* v. *Pickering*, 2 *Beavan* 31; *S. C.* 4 *Mylne & Cr.* 289; *Randall* v. *Russell*, 3 *Mer.* 194; *Merrill* v. *Emory*, 10 *Pick.* 512; 2 *Williams on Ex'rs* 1197.

But where a legacy is given generally, subject to a limitation over upon a subsequent event, the divesting contingency will not prevent the legatee from receiving his legacy at the end of a year from the testator's death; and he is not bound to give security for repayment of the money in case the event should happen. *Griffiths* v. *Smith*, 1 *Vesey* 97; *Fawkes* v. *Gray*, 18 *Vesey* 131; *Hull* v. *Eddy*, 2 *Green's R.* 177; *Ex'rs of Condict* v. *King*, 2 *Beas.* 383; 2 *Williams on Ex'rs*, 1192; *Homer* v. *Shelton*, 2 *Metc.* 194; *Fiske* v. *Cobb*, 6 *Gray* 144; 1 *Roper on Leg.*, ch. 14, § 11, 684; *Hudson* v. *Wadsworth*, 8 *Conn.* 349; *Langworthy* v. *Chadwick*, 13 *Conn.* 46.

Either in the case of a legatee for life, or subject to a limitation over, in order to justify the requisition of security from the first legatee, there must be danger of the loss of the property in the hands of the first taker. *Slanning* v. *Style*, 3 *P. W.* 334; *Conduitt* v. *Soane*, 1 *Collyer's R.* 285; *Homer* v. *Shelton*, 2 *Metc.* 194; *Fiske* v. *Cobb*, 6 *Gray*, 144; *Hudson* v. *Wadsworth*, 8 *Conn.* 249; *Langworthy* v. *Chadwick*, 13 *Conn.* 46.

In *Slanning* v. *Style*, Lord Talbot says: " Generally speaking, where the testator thinks fit to repose a trust, in such case, until some breach of that trust be shown, or at least a tendency thereto, the court will continue to intrust the same hand, without calling for any other security than what the testator has required." But in that case the legatees in remainder were also the executors, and to the trust reposed in

them in that capacity by the testator, the remark of the Chancellor must have been mainly directed.

But upon a somewhat analogous principle, regarding the first legatee as a trustee for the legatee in remainder, the courts have held that to require security, except in case of danger, would not be in accordance with the will of the testator.

In the absence of any suggestion of danger or loss, the legatee in this case is entitled to receive her legacy without giving security, either to the executors or to the legatee in remainder. Under such circumstances, the executors incur no personal hazard by paying the money.

It was urged upon the argument that the mere fact that the first legatee is a married woman, furnishes evidence of danger of loss, upon which the court should require security for the protection of the legatee in remainder. The mere fact that the legatee is a feme covert, cannot in itself furnish any evidence of danger of loss. Both she and her husband may be entirely responsible. But if the fact were otherwise, it could not, under the pleadings in this cause, constitute any ground for the interference of the court. No relief is sought upon that ground, nor does the bill contain any intimation of danger of loss. Application for relief upon that ground would come more appropriately from the legatee in remainder, or if he be an infant, from his guardian or next friend. Usually, where the court have required security, it has been at the instance of the legatee himself. Such bills are in the nature of a bill *quia timet*, and may be filed as well against the executor himself, where the fund is in his hand, as against the legatee for life, where the fund is in his hand. 1 *Eq. Cas. Ab.* 78, "*Bills E;*" 1 *Maddock's Ch. Pr.* 219; 1 *Story's Eq. Jur.*, § 730; 2 *Story's Eq. Jur.*, § 845.

If any real ground of apprehension of danger appeared upon the face of the pleadings, and was admitted or supported by evidence, the court would require the security. I shall declare upon the case as it now stands before me, that the

executors are authorized to pay over the money to the first legatee without security.

If the danger of loss really exist, or if it should hereafter arise, the determination of this case will not prevent an order for security upon the application of the party interested.