Barrell *v.* Barrell.

MARY BARRELL

*v.*

GEORGE BARRELL, JR., et al.

A testator gave his residuary estate to his four children, George, Mary, Henry and Charles, to be equally divided among them, and "in case of the death of any one or more of my children without leaving lawful issue, it is my will and I direct that the share or shares of the one or more so dying shall go to the survivor or survivors of my children; but if any of my children shall die leaving lawful issue living, such issue to take the share his, her or their parent would have taken, share and share alike." The will was dated May 10th, 1869, and testator died February 11th, 1870. At his death he had the four children mentioned, and they are still living. George and Henry have children; Mary and Charles are unmarried.—*Held*, that the intention of the testator was to give to each of his children an absolute estate in the residue, subject only to be defeated by the death of the child in testator's lifetime.

Bill to quiet title. On final hearing on pleadings and proofs.

*Mr. H. C. Pitney* and *Mr. J. R. Emery,* for complainant.

*Mr. F. Adams,* for defendants.

THE CHANCELLOR.

This is a suit to quiet title. The question submitted is whether the defendants, children of Henry Ferdinand Barrell and George Barrell, have any interest in the premises described in the bill, which are part of the property which passed under the residuary clause of the will of George Barrell, deceased, late of the township of East Orange, in the county of Essex. By the will the testator, after directing that all his debts be paid, gave to his son George, in fee, a house and lot, and to his son Henry Ferdinand, in fee, a farm. He then directed that in the division of his estate $8,000 be charged to George and $11,000 to Henry, on account of those properties, those sums being the values he placed thereon respectively, and that the valuations should not be changed and that those devises should not, under any circumstances, be changed or disturbed. Then, after giving to one of his executors $500 in lieu of commissions for executing the will, he proceeded as follows:

"*Sixth.* All the rest, residue and remainder of my estate, real and personal, wheresoever situated or whatsoever, I give, devise and bequeath to my children named George, Mary, Henry Ferdinand and Charles, to be equally divided between them, my said children. *Seventh.* In case of the death of any one or more of my children, without leaving lawful issue, it is my will and I direct that the share or shares of the one or more so dying shall go to the survivors or survivor of my children; but if any of my children shall die leaving lawful issue living, such issue to take the share his, her or their parent would have taken if living, share and share alike."

The will is dated May 10th, 1869, and the testator died February 11th, 1870. The premises in question were his homestead property. At his death he had the four children mentioned in the will, and they are still living. George and Henry have children; Mary and Charles have none. They are both unmarried. After the testator's death, under proceedings in partition in this court, in a suit brought by George against Henry and his wife and George's wife and Mary and Charles, the homestead property was sold and bought by Mary for $40,000. In pursuance of the decree in that suit, which was made upon a stipulation signed by the parties, Henry and George and their wives·

executed and delivered to Mary a deed of general warranty, conveying to her the property purchased by her—the homestead. It being claimed that the children of Henry and George have a contingent interest in the property (which claim is denied by Mary), this suit is brought to determine the question whether they have any interest or not. On the part of those children, it is claimed that under the sixth and seventh clauses of the will the devise to each of the testator's children is, as to the land, of a fee defeasible on the event of his or her dying at any time without issue, in which case the property which is the subject of the gift is to go over to the survivor or survivors of them, with substitution of the children of any of them who may at the time of such decedent's death be dead, in the place of the parent.

It will be seen that in the gift of the residue the testator blends the personalty and real estate together, and provides for a division and for the enjoyment by the legatees and devisees of their shares in severalty. He undoubtedly intended to give the same interest in each kind of property. As to the former, he clearly did not intend to give a life interest only in that. Nor is there any evidence that he intended to give such a limited estate only in the latter. The language employed in the residuary clause is such as imports an absolute gift, both of the real and personal estate; and the specific devises to George and Henry are in fee, in terms. It is quite apparent, from the provisions of the will, that the testator intended to make an equal division of all his estate among his four children, and there is no evidence whatever of any intention to cut down their estates or interests, unless it be found in the seventh clause. That clause provides that in case of the death of any one or more of the testator's children without leaving lawful issue, the share or shares of the one or more so dying shall go to the survivors or survivor of his children, but that if any of his children shall die leaving lawful issue living, such issue shall take the share his, her or their parent would have taken if living, share and share alike. It will be seen that here is a gift, absolute in terms, followed by alternative limitations over, which collectively provide for the event of the death of the donee under all possible circumstances—death either with

Barrell *v.* Barrell.

or without issue.    In such case the words of contingency are read as applying exclusively to the happening of the event in the testator's lifetime in order to avoid repugnancy, inasmuch as the alternative limitations over, if not so qualified and restricted, would reduce the prior devise from a fee to a life estate.  *3 Jarm. on Wills* (*R. & T. ed.*) *643.*.  The obvious reason is that it is to be presumed that the testator, if he had intended to give only a life estate, would have said so in the first instance, in the terms of the gift itself.    Mr. Hawkins says that where a gift of the absolute interest in property to one person is followed by a gift of it to another, in a particular event, the disposition of the courts is to put such a construction on the gift over as will interfere as little as possible with the prior gift, and that when in such case death is spoken of as a *contingent event,* a gift over in the event of death may well be considered to mean not death at any time but death before a particular period—for example, the period of distribution—and thus the gift over may be read as a gift *by way of substitution* and not of remainder, and that it is consequently a rule of construction that where there is a bequest to one person, and " in case of his death " to another, the gift over is construed to take effect only in the event of the death of the prior legatee before the period of payment or distribution, unless an intention appear to the contrary.    *Hawk. on Wills 254.*    The cases in which provisions such as that under consideration in this case have been construed in accordance with those rules, are numerous. In *Clayton* v. *Lowe, 5 B. & Ald. 636,* a testator, after bequeathing a specific legacy, devised all and every other part of his real and personal estate to be equally divided between his three grandchildren, share and share alike, forever, and provided that if either of them should happen to die without child or children lawfully begotten, then such part or share of the one so dying should be equally divided among the survivors; but if any of them should die and leave child or children lawfully begotten, such child or children should have their parent's share equally divided amongst them, share and share alike.    It was held that under that devise the grandchildren took an estate in fee simple as tenants in common.    In *Gee* v. *Corporation of Manchester, 17*

*Ad. & E. (N. S.)* *737*, where a testator devised and bequeathed his real and personal estate to be divided equally amongst his children in manner following, viz. :

"I will and bequeath to my eldest son A one-seventh share of my property to A's heirs, executors and administrators."

And in like terms he gave a like share to each of his six other children, and added :

"And in case any of my sons or daughters die without issue, that their share returns to my sons and daughters equally amongst them; and in case any of my sons and daughters die and leaving issue, that they take their deceased parent's share, share and share alike."

All the children survived the testator. It was held that the word "die" in the provision just quoted must be construed to mean death in the testator's lifetime, and consequently that each of the testator's children took a fee simple in one-seventh of the real estate and an absolute interest in one-seventh of the personal. So, too, in *Lifford* v. *Sparrow, 13 East 359* ; *Edwards* v. *Edwards, 15 Beav. 357* ; *Slaney* v. *Slaney, 33 Beav. 631* ; *Home* v. *Pillans, 2 Myl. & K. 15* ; *Da Costa* v. *Keir, 3 Russ. 360*, and *Ware* v. *Watson, 7 De G. M. & G. 248* ; and in this state in *Pennington* v. *Van Houten, 4 Halst. Ch. 272* ; *S. C. on appeal, Id. 745* ; *Williamson* v. *Chamberlain, 2 Stockt. 373* ; *Wurts* v. *Page, 4 C. E. Gr. 365*, and *Baldwin* v. *Taylor, 10 Stew. Eq. 78.* In the last-named case the provision was as follows :

"In relation to the several gifts and devises to my children in this, my last will and testament, it is my will, and I do direct, that if any of them shall die leaving heirs, their portion shall go to such heirs; if not, it shall be divided equally among my surviving children."

It was held that the contingency of death was that of death before vesting.

It will be decreed that the children of George Barrell, Jr., and of Henry Ferdinand Barrell, have no interest in the property in question.