The bill of complaint herein was filed by the complainant-executor to construe the last will and testament of George Snyder, deceased, dated May 10th, 1925, probated October 11th, 1927, in the office of the surrogate of Hudson county, and letters testamentary were issued to complainant herein.
The will contains the following paragraphs:
"After the payment of all my just debts and funeral expenses, I do give, devise and bequeath, with the exception of a bequest later mentioned, all my property, both real and personal, wherever the same be situate, and of whatsoever nature the same consists of, unto my beloved wife and helpmate, Olive M. Snyder, for her own use and benefit forever; and that the executor of this my last will and testament, hereafter named, pay to her out of the proceeds of my estate, such sum or sums of money as will be necessary for her proper support and maintenance, and if said income is not sufficient, said executor can and may use part of the principal capital for her support.
"I do give and bequeath to the trustee of the cemetery where my body will be buried the sum of five hundred dollars [$500] for the perpetual upkeep of my grave.
"In the event of my wife's demise, the children of my brothers and sister shall inherit my property and the same be divided between them, share and share alike."
The defendant Iva May Snyder, also known as Iva May Snyder Cowan, is a daughter of Samuel Snyder, deceased, a brother of said testator, George Snyder.
The issue raised is whether said Iva May Snyder, also known as Iva May Snyder Cowan, has any interest in said estate by reason of the last clause in said will above set forth. If the effect of the will is to vest in Olive M. Snyder, the widow of said decedent, his entire estate absolutely and in fee, except the specific legacy to the cemetery, then said Iva May Snyder, also known as Iva May Snyder Cowan, a lunatic, has no interest in said estate.
Olive May Snyder survived testator.
Of course, it is clear that if the testator, George Snyder, had clearly stated that if his wife outlived him, then, and in that event only, was the devise and bequest to her to have any force and effect, then there would be no question as to his intention, and if she predeceased him, then only the children *Page 504 
of his brothers and sister would inherit his property, share and share alike.
Under the decisions in this state it is quite apparent that the gift to Olive M. Snyder became absolute on the death of the testator, her husband, she having outlived him; and the gift over to the children of the brothers and sister of the husband was thereby defeated, and Olive M. Snyder took an estate in fee-simple in all her husband's real estate, and took his personal property absolutely. Jarm. Wills (6 Eng. Ed.) ch.56 § 1; Hawk. Wills 254; Dranow v. Sherry, 80 N.J. Eq. 447;Bunnell v. Beam, 86 N.J. Eq. 101; Steinhart v. Wolf, 95 N.J. Eq. 132; Barrell v. Barrell, 38 N.J. Eq. 60; Burdge v.Walling, 45 N.J. Eq. 10.
In Steinhart v. Wolf, Vice-Chancellor Foster held:
"It is well settled by a uniform line of decisions in this court and in the court of errors and appeals, that the words `in the event of my death,' or words of like import used in connection with a gift over, unexplained by the context and not specified in the will, refer to the death happening before the death of the testator."
I am of the opinion that under our cases the executor and trustee should be advised that the gift to Olive M. Snyder was absolute, and that no trust is created by the gift to Olive M. Snyder with direction to the executor to pay to her sums necessary for her support and maintenance. Slater v. Hurlbut,146 Mass. 308; 15 N.E. Rep. 790; Perry Trusts (6th ed.) §115.
I shall so advise. *Page 505