William H. Johnson, by the tenth paragraph of his last will and testament, after specific and pecuniary legacies, not necessary to be detailed, and after directing his real and personal property to be turned into cash, said:
"10. All the rest, residue and remainder of my estate, both real and personal, I give, devise and bequeath to my sons Warren F. Johnson and Martin Russell Johnson, share and share alike. In the event that either of my said sons shall predecease me or my wife, it is my will that said deceased sons share shall descend to his lawful issue, if any, but that if either of my said sons shall die without issue, it is my will that said deceased sons' share shall descend to his brother or to the issue of said brother. In the event that both of my said sons shall predecease me or my wife without leaving issue it is my will that my property shall be disposed of in the same manner as if I had died intestate."
The widow is living. The two sons have made demand for the residue of the estate, and the executor asks instructions.
The sons claim absolute ownership and the right of enjoyment that follows such ownership. Their contention is that the event upon which their issue take, namely: "In the event that either of my said sons shall predecease me or my wife," is the death of the sons in the lifetime of the testator, and they rely upon the rule of construction in Barrell v. Barrell, 38 N.J. Eq. 60, that where there is a bequest to one person and in case of his death to another, the gift over is construed to take effect only in the event of death of the legatee before the period of payment or distribution, i.e., the death of the testator. But here the testator postponed the succession, not only upon the death of the legatees in his lifetime, but also as *Page 618 
well upon death in the lifetime of his widow, who he anticipated would survive him and for whom he made provisions in his will. There is no apparent reason why the testator postponed the sons' enjoyment of the residuary estate until after the death of his widow, for the remainder of the estate is quite independent of any other provision of the will, and it is not needed to satisfy any other gift. We cannot, however, concern ourselves with conjecture, that postponement during the widow's lifetime was unintentional, or whether the testator had a motive for deferring absolute enjoyment, or that it was a mere whim. The fact is that the testator created a condition upon which the sons were to take and our duty is to execute his will as he directed. Brearley v.Brearley, 9 N.J. Eq. 21. The applicable rule of construction is, "if the gift is absolute in terms and not at all events limited over at the death of the first taker, but only on a certain contingency, as dying without issue living, then the title vests in the devisee or legatee absolutely, subject to be defeated on the happening of the contingency." Jones' Executors
v. Stites, 19 N.J. Eq. 324.
The sons took a vested estate upon the death of the testator, to be divested if either or both die in the lifetime of the widow.
The executor's contention that the sons are not entitled to the possession of the residue until the happening of the event, nor to the income of the residuary estate, is not maintainable. Were the gift of the residue, to take effect upon a contingency, the income would accumulate and follow the gift. 40 Cyc. 1569;L.R.A. 1916 F. 803, and cases there cited. But the testator gave the sons the residue in terms absolute, of which they are to be deprived only, if they do not survive the widow. Until that event at least, they are entitled to the lifetime enjoyment, and only upon its happening, will their issue succeed to the legacy. Not only are the sons entitled to the income until the happening of the event, but they are also entitled to the possession of the residuary estate. Before the statute, it was payable to them without security. Rowe's Ex'rs v. White, 16 N.J. Eq. 411.
Section 8 of the act concerning *Page 619 
legacies (Comp. Stat. p. 3089) requires security of the primary legatee before delivery of possession, when the legacy is with limitations.
The executors are directed to pay the sons the accumulated and current income of the residuary estate, and if they furnish security, according to the statute, the principal. *Page 620