McDowell v. Stiger.

58 125
70L 219

BENJAMIN M. McDOWELL et al.

*v.*

DAVID T. STIGER.

[Filed February 11th, 1899.]

There was a devise of a farm, with a charge upon the devisee to pay to Jane, a daughter of the testator, or her legal representatives, $1,000 in one year after the death of the testator and of his wife. In a subsequent item the testator directed that in case "my daughter Jane die and leave no issue,

that the aforesaid legacy to her revert, after her decease, to my estate, and be distributed to my heirs according to the laws of descent." Jane died more than one year after the death of the testator and the death of the widow, leaving no issue.—*Held*, that upon arrival of the time fixed for payment the legacy became Jane's absolutely.

On bill to recover a legacy.

Robert Todd bequeathed to his daughter Jane $1,000. Todd died and the money was paid to Jane, who loaned it to her husband, David T. Stiger. Jane died without issue, and the next of kin of the testator claimed that upon Jane's death the legacy to her by force of item 7 of the will came to them. Jane's husband, David T. Stiger, claims that the money at the time of Jane's death belonged to her absolutely, and upon her death passed to him *jure mariti*.

The testator, at the time of the execution of his will, had three children, Maria, Peter and Jane, the first of these having children living and the last having no children. They all survive the testator. The testator provides in item 3 of his will as follows :

"I give and bequeath to my wife Adriana the use of $2,000 during her natural life, and the yearly interest of the same to be applied annually to her benefit and use as hereafter directed."

In item 4 he provided as follows :

"My real estate consisting of the farm I now occupy, I give and devise to my son Peter, his heirs and assigns under the following charges and conditions: First, I charge him with the payment yearly and every year of the interest of $2,000 bequeathed in item 3, to my wife Adriana, the principal $2,000 to remain in the farm, to constitute a first lien or encumbrance on the same during her natural life. Second, I charge him with the payment of $1,000 to his sister Maria, wife of John McDowell or her legal representatives, payable in one year after my decease, and the decease of my wife Adriana. Third, I charge him with the payment of $1,000 to his sister Jane, wife of David T. Stiger or her legal representatives in one year after our decease."

He provided in item 6 of his will as follows :

McDowell *v.* Stiger.

"Whereas the aforesaid legacies to my two daughters are less than an equitable division of my estate, and whereas to increase them, much would embarrass my son Peter very considerably, I hereby order and direct that in one year after his decease, the sum of $1,000 be paid from my estate to each of my daughters Maria and Jane, or to their lawful issue or heirs, provided he leaves no lawful issue surviving him."

Then, in item 7, which is the important item, which gives occasion for this suit, he provided as follows:

"It is also my will, and I do hereby direct, that in case my daughter Jane die and leave no issue, that the aforesaid legacy to her revert after her decease to my estate, and be distributed to my heirs according to the laws of descent."

Jane died without leaving issue, after the death of the testator and after the death of her mother, Adriana, and after the expiration of one year from the death of both.

The legacy had been paid to her and by her loaned to her husband, the defendant, as already stated.

*Mr. Hugh K. Gaston* and *Mr. Robert N. McCarter,* for the complainants.

*Mr. James J. Bergen* and *Mr. John D. Bartine,* for the defendant.

REED, V. C.

A general rule repeatedly stated in this court is that when there is a bequest to one person, and in case of his death to another person, the language, unless modified by some other provision in the will, will be construed to mean death of the first legatee before the arrival of the period of appointment or distribution. *Beatty's Administrator* v. *Montgomery, Executrix, 6 C. E. Gr. 324; Burdge* v. *Walling, 18 Stew. Eq. 10; Brown* v. *Lippincott, 4 Dick. Ch. Rep. 44.*

Where the limitation over, however, is in case of the first legatee's "dying without issue," the event of death may be referred to death without issue at any time or death before the happening of some particular event mentioned in the will, as,

for instance, before the distribution of the estate. The intent of a testator in the use of these words is probably, in a great majority of instances, to limit over the gift upon the death of the first legatee without issue at any time; but the tendency of the cases in this state is to seize upon some other event, and couple the occurrence of death by relation with the occurrence of such event. And whenever between the gift absolute in form to the first legatee there is some other event upon which the payment of the gift is to occur, the subsequent limitation over upon death without issue will be held to relate to the occurrence of death without issue before the happening of the intervening event. In the present case, there is an absolute gift of $1,000 to Jane. Intervening this absolute gift and the subsequent provision for the reverter, there is the direction as to when the $1,000 shall be paid, namely, in one year after the death of both the testator and testator's wife. As already remarked, the trend of our decisions, in such an instance, has been to put the limitation over in opposition to the time of payment. The strength of this tendency is perceived in the following cases: *Pennington* v. *Van Houten, 4 Halst. Ch. 272; Williamson* v. *Chamberlain, 2 Stock. 373; Wurts* v. *Page, 4 C. E. Gr. 365; Baldwin* v. *Taylor, 10 Stew. Eq. 78;* on appeal, *11 Stew. Eq. 637; Lafoy* v. *Campbell, 15 Stew. Eq. 34; Patterson* v. *Madden, 9 Dick. Ch. Rep. 714.*

I am of the opinion, therefore, under the rule applied in these cases, that death in this will is referable to the time when the $1,000 should be paid over to Jane, unless there is some language to be discovered in the will which indicates an intention that the testator meant death at any time without issue.

It is insisted that by the use of the word "revert" the testator must have contemplated the death of Jane after she had come into possession of the legacy. It is argued that the legacy being charged upon the real estate, did not become vested until the arrival of the time for its payment; therefore, previous to this time, there could be no interest in Jane to revert. But the provision that the legacy should "revert to my estate" meant no more than the language employed by the testator in *Wurts* v. *Page, supra,* which was that in case of the death of any child

McDowell v. Stiger.

without issue, the share of such child should "merge" in the general fund.

If the testator had used the words "in case of the death of Jane leaving no issue, then the legacy should go to a third person," the very same argument could be employed, for it could be then said that there would be nothing to go over until the legacy came into Jane's possession.

I do not think that the use of the word "revert" indicates anything in respect to the meaning of the testator upon the matter of present inquiry. If, indeed, any hint can be drawn from the whole clause in which this word occurs, it would seem to be that the testator did not have in view the death of Jane, however remote. The directions that it should fall into his estate and be distributed to his heirs according to the law of descent, would imply that he intended the fund, in the case of the death of Jane, to pass through the hands of his personal representatives in the administration of his estate, and it is not likely that he had in mind that his estate would remain unsettled during the entire life of Jane.

However, apart from the intent imputed to the testator by the rule of construction already mentioned, I see nothing in the other language used in the will, or in the argument based upon the possible intention of the testator, to leave this legacy in the family and keep it out of the hands of the husband of Jane, sufficient to indicate, with any decree of certainty, what was in the mind of the testator in respect to this matter. I am, therefore, of the opinion that when the time for payment arrived, the legacy became Jane's absolutely, and that upon her subsequent death, the complainant acquired no interest in it.

The bill should be dismissed, with costs.