FREDERICK M. ROGERS

*v.*

ALICE CAROLINE BAILY.

[Decided May 21st, 1909.]

By will testatrix gave certain real property to a son, and provided that, on the son's death leaving no children, the property should go to her daughter, should the property have been sold or exchanged, the daughter should receive the value to the extent of $4,000 and "should my daughter not be living at the time of my son's death, then the property or the equivalent to be given to my granddaughter."—*Held*, that the son took the property in fee, subject only to the executory devises, and the granddaughter took a contingent interest in fee.

*Mr. Frank Benjamin,* for the complainant.

*Mr. Benjamin G. Demarest,* for the infant defendant.

STEVENS, V. C.

This is a bill to quiet title. The complainant, who is an uncle of defendant, alleges that under the will of his mother he has an indefeasible title in fee-simple in the house and lot known as No. 62 State street, East Orange. His niece, the infant defendant, by her guardian, answers and says

"that she is entitled to a contingent interest in fee in the above described premises; contingent upon the death of Frederick M. Rogers (the complainant) after the death of Minnie E. Rogers Baily and leaving no child or children him surviving."

It will thus be seen that the issue, and the only issue raised by the pleadings, is whether the defendant has a contingent interest under the will. The will was probated in the District of Columbia. A copy of it, with a certificate by the register of wills, was put in evidence. In this certificate the register says that the *will* and *codicil,* after having been duly proven, were

admitted to probate and record by order of the probate court, but he does not certify whether a memorandum purporting to have been signed by testatrix and appearing between the will and the codicil was admitted to probate as a part of the latter. The memorandum is unwitnessed. The original was not produced and the signature to it was not proved. The codicil does not in terms refer to it, and there is no direct proof as to where it was written on the original document. By her will Mrs. Rogers gave her house and lot, No. 50 North Eleventh street, Newark, to her son, the complainant. By the memorandum she certifies (if she wrote it) that the house and lot have been sold and that "the house and lot now refers to No. 62 State street, East Orange, N. J." It is conceded that complainant has no title to this latter house and lot under the will and codicil, unless the memorandum is by implication incorporated into them.

Counsel have handed me elaborate briefs on the question whether this memorandum is so incorporated. The proof is as yet insufficient to raise the question. As the document itself has been filed among the records of the probate court of the District of Columbia, there may be some difficulty in getting the evidence. In the view that I take of the case, however, it is immaterial whether the memorandum is part of the codicil. Whether it is or is not, the bill must be dismissed on the ground that the defendant, Alice, has a contingent interest in the land, and consequently the complainant's insistment that he is sole owner of an indefeasible estate therein cannot be sustained.

I will first consider the case as if the memorandum were incorporated in the will. It will then read as follows:

"I give and bequeath to my son Frederick M. Rogers my house and lot * * * (No. 62 State St., East Orange, N. J.) * * * In the event of my son Frederick M. Rogers' death, leaving no children or child, I give and bequeath to the survivor, my daughter, Minnie E. Rogers Bailey, the house and lot at 62 State St., East Orange. Should the house and lot have been sold or exchanged, my daughter is to receive the value of said house and lot to the extent of $4,000. Should my daughter not be living at the time of my son's death, then the house and lot or the equivalent to be given to my granddaughter, Alice Caroline Bailey."

I am inclined to think that under this will Frederick took a fee-simple subject to executory devises to Minnie and Alice and

not a life estate. The act of 1784 provides that where there is a devise of land and the words "heirs and assigns" are omitted, and no expressions are contained in the will whereby it shall appear that such devise was intended to convey only an estate for life, "*and* (which means "or," *Morris* v. *LeBel, 71 N. J. Eq. (1 Buch.) 43*) *no further devise thereof being made of the devised premises,*" all such devises shall be construed to convey an estate in fee-simple. In *Den* v. *Allaire, 20 N. J. Law (Spenc.) 10,* the judges thought that the act applied, although there was an executory devise over, and so, in one sense, a further devise. In *Brooks* v. *Kip, 54 N. J. Eq. (9 Dick.) 468,* Chancellor McGill, without, apparently, having had his attention called to *Den* v. *Allaire,* expressed an opinion to the contrary. If, in the present case, the will does not give Frederick a fee there is this somewhat singular result, viz., that Frederick would take a life estate, while Minnie and Alice would, on the happening of the contingency, take a fee, although the gift to them, like the gift to Frederick, is without words of inheritance.

In *Den* v. *Snitcher, 14 N. J. Law (2 Gr.) 53,* testator devised a plantation to S. C. and if he should die without issue then, at his (S. C.'s) decease, testator gave an undivided half over. He did not devise the other half. It was held that he intended that S. C. should have the whole in fee in case he had issue and that at all events he was the absolute owner of the half not given over. If the statute may operate where an undivided portion is given over, I do not see why it may not operate where a contingent estate—an estate that may never take effect—is the only interest so given. Such a gift presupposes a residuum of interest that may, in the event, be entirely undisposed of. Why may not the statute operate upon such residuum? Why should the testator, contrary to his evident intent, be held to have died intestate so far as the fee is concerned? It seems difficult to resist the conviction that the statute was passed to meet just such a case. The remedy would not, otherwise, have met the evil mentioned in the preamble of the act. As I read the decision in *Den* v. *Snitcher,* this was the view of Chief-Justice Hornblower.

But if Frederick takes only a life estate the result is not substantially different, for the undisposed of fee has descended upon

him and his sister Minnie, and Minnie has conveyed to him all her interest. Frederick holds the fee subject only to the contingent gift to Alice. The question is whether this devise to her is now subsisting. There can be no doubt that it is.

There are two classes of cases in our reports. In the first, testator gives land to A and, if he die, to B. It is held that B does not take unless A die in testator's lifetime. The reason is this: A's death is certain, consequently, the contingency expressed by the word "if" must necessarily be the implied contingency of A's not being alive at testator's death. There can be no other.

In the second class of cases the contingency denoted by the particle "if" is expressed and not implied. "I give my house and lot to A, and if A die without children to B." Here it is not necessary to *imply* contingency, for we find it actually expressed. The contingency is not A's dying, which is certain, but A's dying without children, which is uncertain, and may happen just as well after testator's death as before. To add to this contingency another, viz., that A's death without children must occur in testator's lifetime is to remake testator's will, not to construe it. Consequently, when nothing more appears, it has been held, quite uniformly, that the contingency must have its full effect and that it terminates only with A's death.

But provisions of this sort are generally complicated with other provisions. The will may, in the case of personalty, specify a period of payment or distribution, or in the case of realty, provide for a minority or interpose an estate for years or life. It may then become matter of doubt whether the expressions "death without children," "death without issue," &c., do not mean death prior to the period of payment or distribution, or during the continuance of the interposed estate. To solve this question we must discover the intention of the testator, not by reading those words as if they stood alone but by looking into other parts of his will.

In *Patterson* v. *Madden,* 54 *N. J. Eq.* (*9 Dick.*) *714,* Chief-Justice Gummere lays down two rules for solving questions of this sort.

"*First.* If land be devised to A in fee and a subsequent clause

in the will limits such land over to designated persons in case A dies without issue and A so dies, and the substituted devisees are *in esse* at his death and there is no other event expressed in the will to which the limitation over can fairly be referred, then A takes a vested fee which becomes divested at his death and vests in those to whom the estate is limited over.

"*Second.* Where there is an event indicated in the will other than the death of the devisee to which the limitation over is referable (for instance, the distribution of the testator's estate or the postponement of the enjoyment of the property devised until the devisee reaches the age of twenty-one or until the exhaustion of a prior life estate), such limitation over will be construed to refer to the happening of such event or to the death of the devisee, according as the court may determine from the context of the will and the other provisions thereof that the limitation clause is set in opposition to the event specified or is connected with the devise itself."

In that case it was held that looking at the context, the limitation over stood, not in opposition to the devise itself, but to the event of the devisees coming into possession. The prior case of *Pennington* v. *Van Houten, 8 N. J. Eq. (4 Halst.) 745,* was an instance of the same kind, while *Dean* v. *Nulley, 70 N. J. Law (41 Vr.) 218,* was a case of the opposite sort. There land was given over "if E. die without lawful heirs," and it was held that the devise over took effect upon E.'s dying without leaving issue at any time.

These were all cases in the court of errors. There are many cases in this court showing how these rules have been applied. They will be found cited in the recent cases of *Burdge* v. *Walling, 45 N. J. Eq. (18 Stew.) 10,* and *McDowell* v. *Sliger, 58 N. J. Eq. (13 Dick.) 125.*

The case in hand falls under the first of the two rules laid down in *Patterson* v. *Madden.* The limitations over are set in opposition to Frederick's death and to that event only. Minnie is to take if Frederick die without children. That is all. Alice is to take if Frederick so die and Minnie be not living at the time of his death.

It is further contended that the clause, "should my house and

lot have been sold or exchanged my daughter is to receive the value of the house to the extent of $4,000," gives to Frederick an implied power of sale and consequently an absolute power of disposition. Reading the memorandum as part of the codicil (and on this assumption alone does Frederick take anything under the will) it would seem that the only sale that testatrix contemplated was a sale by herself. She had sold the first house given in her will to Frederick and she thought it possible she might sell the second. In the absence of a duty to be performed courts do not readily imply powers of sale. *Boylan* v. *Townley, 62 N. J. Eq. (17 Dick.) 593; Chandler* v. *Thompson, 62 N. J. Eq. (17 Dick.) 724.* Here the testatrix neither expressly directs nor expressly empowers a sale, nor does she designate the person to make one. But if testatrix had expressly authorized Frederick to sell, this would not defeat the contingent gift. If he sold he would, if the contingencies happened, be chargeable with the purchase-money, to the extent of $4,000, for Alice's benefit. The case would not fall within the reason of *Downey* v. *Borden, 36 N. J. Law (7 Vr.) 461,* or *Wooster* v. *Cooper, 53 N. J. Eq. (8 Dick.) 682,* for he would not be vested with the absolute power of disposal for his own use or benefit.

It is further objected that the devise to Alice is void because uncertain. As the testatrix did not sell the house, it alone, in the event that has happened, is the subject of disposition. There is now no alternative or substituted gift. But even on the assumption that Frederick has power to convert, he will sell not for himself alone but for Alice as well. And the proportion of the proceeds that he must hold for her is not doubtful. "The equivalent" for the lot sold is the $4,000, which testatrix, in terms, gives Minnie. To give effect to her obvious meaning as to Alice, we must read the will as if she had said,

"should my daughter not be living * * * then the house and lot or the equivalent specified by me (viz., $4,000) is to be given to my granddaughter."

If the memorandum heretofore adverted to be not incorporated in the will, complainant has no title except by descent as to the one-half and by purchase from Minnie as to the other. He

takes no title by will. As the executory devise to Alice is well within the law against perpetuities, there can be no question but that it is good. It takes effect upon the happening of the contingencies already discussed.

The bill should be dismissed, with costs.