BLANCHE CHETWOOD et al.

*v.*

BRADBURY C. CHETWOOD et al.

[Filed August 16th, 1911.]

By will the testator gave his wife the income of all his estate until his youngest child should reach twenty-one. and then gave her the income of one-third of it. Subject to her life estate, he gave all the residue of his estate to his children and their heirs and then provided as follows: "In the event of my wife remaining unmarried at the time of

my youngest child shall arrive at the age of twenty-one years, I give, devise and bequeath to her the use, income and profit of the equal one-third part of all my estate, both real and personal (after deducting the disbursements above mentioned), for and during the period of her natural life and all the rest and residue of my estate, both real and personal, I give, devise and bequeath to my children share and share alike and to their heirs forever. In the event of the death of all my children without lawful issue of either of them surviving them and without any child of such issue surviving them, I give, devise and bequeath all my estate, both real and personal, whatever and wherever the same may be (subject to the right to my wife in the same during her life) to my nephews [naming them] and to my niece [naming her] to be equally divided between them and to their heirs forever." The testator left a widow and two children at his death, a son and a daughter the latter of whom attained the age of twenty-one years and died unmarried.—*Held,* that subject to the widow's life interest, the son is seized of an estate in fee-simple to certain lands whereof the testator died seized subject to the executory devises in favor of certain of the testator's nephews and niece.

*Mr. Cortlandt Parker* and *Mr. Richard Wayne Parker,* for the complainants.

*Mr. Bradbury C. Chetwood,* for the defendants.

STEVENS, V. C.

This is a bill to quiet title. The title depends upon the construction of the will of the late Dr. George R. Chetwood. The question is whether the complainant, his son George, is thereunder seized of an indefeasible estate in fee-simple to a lot of land in Elizabeth subject to testator's widow's right to the use, income and profit of one-third of it during her life or whether such fee is not subject to executory devises in favor of certain of testator's nephews and nieces.

The will first devises, in terms that are absolute, the use, income and profits of all his estate, both real and personal, for and during the period of his wife's natural life, or as long as she remains his widow, for her maintenance and support and for the education, maintenance and support of his children. Subject to this life estate he gives to his children the fee in terms following:

"All the rest and residue of my estate, both real and personal, I give, devise and bequeath to my children share and share alike and to their heirs forever." He then provides as follows:

"In the event of my wife remaining unmarried at the time my youngest child shall arrive at the age of twenty-one years, I give, devise and bequeath to her the use, income and profit of the equal one-third part of all my estate, both real and personal (after deducting the disbursements above mentioned), for and during the period of her natural life and all the rest and residue of my estate, both real and personal, I give, devise and bequeath to my children share and share alike and to their heirs forever."

"In the event of the death of all my children without lawful issue of either of them surviving them and without any child of such issue surviving them, I give, devise and bequeath all my estate, both real and personal, whatever and wherever the same may be (subject to the right of my wife in the same during her life) to my nephews [naming them] and to my niece [naming her] to be equally divided between them and to their heirs forever."

The testator left two children at his death, the complainant and Blanche, who attained the age of twenty-one and died unmarried. The widow still survives.

I have so recently examined the law on this subject in *Rogers v. Baily, 76 N. J. Eq. (6 Buch.) 29* (affirmed June 7th, 1911), that it is unnecessary to enter into any discussion of it. The rules governing cases of this kind have been authoritatively stated by Chief-Justice Gummere in *Patterson v. Madden, 54 N. J. Eq. (9 Dick.) 714*, and all I have to do is to apply them. He says: "By the decision in *Pennington v. Van Houten*, as I understand it, two rules are established in the construction of wills containing a limitation over by way of executory devise, after the death of the original devisee without issue.

"*First.* If the land be devised to A in fee and a subsequent clause in the will limits such land over to designated persons in case A dies without issue, and A so dies and the substituted devisees are *in esse* at his death, and there is no other event expressed in the will to which the limitation over can fairly be referred, then A takes a vested fee, which becomes divested at his death and vests in those to whom the estate is limited over.

"*Second.* When there is an event indicated in the will, other than the death of the devisee, to which the limitation over is referable (for instance, the distribution of the testator's estate or the postponement of the enjoyment of the property devised until the devisee reaches the age of twenty-one, or until the exhaustion of a prior life estate), such limitation over will be construed to

refer to the happening of such event or to the death of the devisee, according as the court may determine from the context of the will and the other provisions thereof that the limitation clause is set in opposition to the event specified or is connected with the devise itself."

There are three events mentioned in this will—*first,* the attainment of twenty-one years by the youngest child; *second,* the death of the widow; *third,* the death of both children, neither leaving children or grandchildren. Complainant's contention is that the limitation clause above recited is set in opposition to the attainment by the children of the age of twenty-one, and that as this event has happened the fee vested in him is now indefeasible.

It appears to me very clear that the limitation is not set in opposition to the attainment by the children of the age mentioned.

The complainant wishes to read this contingency into the limitation clause. Inserting it, the clause would stand, as follows:

"In the event of the death of all my children before they or any of them shall arrive at the age of twenty-one years and without lawful issue of either of them then surviving them and without any child of such issue surviving them then I give"

all my estate to H. C., &c. It is quite possible for a child to have children before twenty-one, but impossible to have grandchildren. There can be no question but that by "issue" the testator meant children of his children, that by "them" (three times repeated) he meant his own children. By the interpolation we are forced to impute to him the absurd idea that he contemplated the possibility of a child dying under twenty-one leaving grandchildren. It is suggested in the brief that George, who was eighteen years older than Blanche, might have had grandchildren, before Blanche, or some other child born subsequently, might have reached twenty-one. This would be what Chancellor Green, in *Pennington* v. *Van Houten,* called "a remote possibility, which, in the ordinary course of nature, was not likely to occur." But it does not meet the difficulty, for the testator here contemplates, not only that George might have grandchildren and die, but that

his other children might have.   It seems plain that in order to give the clause its proper effect, the event, upon the occurrence of which the contingency is to happen, must be sufficiently postponed to allow the possibility of all the testator's children having grandchildren before it occurs.   This event must be either the testator's widow's death or the death of the last survivor of the children.   Whether it is the one or the other, the bill must be dismissed.

The general scheme of the will is this:   Testator says, I give my wife the income of all my estate until my youngest child shall reach twenty-one—then I give her the income of one-third of it. Subject to her life interest, I give all the rest and residue of my estate to my children and their heirs.   If all my children die without leaving lawful issue of either of them surviving them or any child of such issue surviving them, I give my estate (subject to my wife's third, if she be alive) over.

The collocation of the words themselves indicates that the limitation over is immediately connected with the devises and that it is set in opposition to them.   This indication is somewhat fortified by the provision giving the widow a life right and further strengthened by the reference to a class unborn, which could not all come into *esse* until after the children had attained the age of twenty-one years.

If the testator had given *all* his estate to his children at twenty-one, and if he had not mentioned children of issue, the case would have resembled *Post* v. *Van Houten.*   But he continued his widow in the possession of a third of it during her life.   It cannot, therefore, be said that the limitation over is set in opposition *only* to his children coming into possession of all.

As the bill will have to be dismissed either on the assumption that the contingency must take place on the widow's death or on the death of the last survivor of the children, and as the persons *in esse* to claim at those two periods may be different, it seems unadvisable to express any opinion as to which of the two contingencies is intended.