HARRY DRANOW, respondent,

*v.*

CASSIE SHERRY et al., appellants.

[Argued June 26th, 1912. Decided October 1st, 1912.]

Where there is a bequest to one person, and, in case of his death, to another, the gift over will be construed to take effect only in the event of the death of the first legatee prior to the period of distribution, unless a contrary intention appears in the will.

On appeal from an order of the court of chancery made by Chancellor Pitney.

*Mr. John Bentley,* for the appellants.

*Mr. Charles B. Bradley,* for the respondent.

The opinion of the court was delivered by

GUMMERE, CHIEF-JUSTICE.

The complainant by his bill in this cause seeks to have a judgment, which he recovered against the defendant Cassie Sherry, decreed to be a lien upon certain lands which stand in her name as the guardian of Joseph Gerard Sherry, now deceased.

The rights of the parties to the litigation depend upon the true construction of the will of Owen Sherry, who died in November, 1907, and who was the father of Joseph Gerard Sherry.

The pertinent parts of the will are as follows:

"II. I give, devise and bequeath to my son, Joseph Gerard Sherry, and to his heirs and assigns forever, any and all property real or personal which I now possess, or which I may become entitled to.

"III. That the income thereof shall be devoted to the support and maintenance of the said Joseph Gerard Sherry, and if the income shall not be sufficient to support him, then so much of the principal shall be used as may be necessary for his support.

"IV. That in the event of the death of my said son Joseph Gerard Sherry I give, devise and bequeath to Cassie Sherry, and to her heirs and assigns forever, all property real or personal which I may be possessed of at the time of my death."

"VI. I hereby appoint my executrix Cassie Sherry hereinbefore named guardian of my said son Joseph Gerard Sherry."

The land upon which the complainant seeks to have his judgment impressed as a lien was purchased by the defendant Cassie Sherry, during the lifetime of her ward, Joseph Gerard Sherry, with funds out of the personal estate of the testator. Shortly after the investment was made Joseph Gerard Sherry, who was an infant only three years of age, died; and the question for determination is whether the funds which are now represented by the lands in controversy are a part of his estate, or whether,

upon his death, they passed under item IV. of the testator's will to the defendant Cassie Sherry.

By the use of the words "in the event of the death of my said son," appearing in paragraph IV. of the will, the testator applied terms of contingency to an event of all others the most certain and inevitable; and to satisfy them it is necessary to connect the son's death with some occurrence in association with which it is contingent.

When the occurrence which the testator has in mind, in using language like that quoted, is not specified in the will, and the bequest is immediate (*i. e.,* in possession), the words used can only refer to the contingency of the death of the first legatee happening during the lifetime of the testator; and so, in construing bequests of this character, it has become a settled rule in the law of wills that the first legatee takes absolutely if he survives the testator, and the gift over is defeated. *Jarm. Wills (6th Eng. ed.) ch. 56 § 1; Hawk. Wills 254.*

Counsel for the appellants' while conceding the rule to be· as stated, contends that it is not applicable to the present case because, as he claims, it appears from the context of the will that it was the purpose of the testator that his estate should not become absolute in his son until the latter should reach the age of twenty-one, and that the contingency which he had in mind in framing the fourth paragraph of his will was the death of his son before reaching that age. This contention is based on the language of the third paragraph of the will, which authorizes the expenditure of income, and so much as may be necessary of the principal, for the support and maintenance of the son. But to give to this provision the meaning claimed for it is not only to nullify the absolute gift to the son contained in the second paragraph of the will, but also to radically change the provision of the legacy to Cassie, in the event of the son's death, from a gift of all the testator's property of which he might be possessed at the time of his death, to so much thereof as should not have been used for the maintenance and support of the son.

The plain and only purpose of the third paragraph of the will was, as it seems to us, to leave the guardian of the son free to use her own judgment in the matter of the sums to be expended

for his maintenance and support during his minority, even to the extent of the using of the *corpus* for that purpose if the guardian should deem it advisable.

It follows, therefore, that the contention of the appellant is not justified by the· language of the testator; that the legacy to Joseph Gerard Sherry became absolute upon the death of his father, and that the defendant Cassie Sherry has no interest in the testator's estate.

The order appealed from will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF-JUSTICE, GARRI-SON, SWAYZE, TRENCHARD, PARKER, BERGEN, VOORHEES, MIN-TURN, KALISCH, BOGERT, VREDENBURGH, VROOM, CONGDON, TREACY—15.

*For reversal*—None.