## ELLEN PLATT

### *v.*

## GEORGE M. JOHNSON et al.

[Decided August 14th, 1917.]

1. Testator devised the remainder of his real estate to his wife for life or so long as she should remain his widow, and, after her death or remarriage, to his two daughters to be equally divided between them, share and share alike; and in case of the decease of either daughter, then to the survivor absolutely unless the deceased daughter should leave lawful issue, then that such issue should take the share which would have been received by such deceased daughter had she been living; in case both daughters should die, each leaving lawful issue, then the share of each daughter to be divided equally among such issue surviving, respectively; and in case of the death of both daughters without leaving lawful issue, then the estate to be divided equally among testator's legal representatives (meaning, doubtless, heirs), share and share alike. These events happened: Testator's wife died in his lifetime; one daughter, having married, also died in her father's lifetime and without issue; the father then died, leaving his other daughter him surviving.—*Held*, upon the father's death the absolute devise to the surviving daughter took effect, and the remainder to his heirs generally was defeated.

2. The court of chancery has power to decide a question beyond its jurisdiction when it arises incidentally and collaterally in a suit within its jurisdiction, which decision, however, has no force *res judicata* or by way of estoppel.

3. If the legal title to lands is in issue in a suit for partition, the court of chancery will either dismiss the bill or retain it to allow the title to be settled in an action at law; and the practice is quite universal to retain it.

On bill, &c. On objection to master's report.

*Mr. William M. Jamieson,* for the complainant.

WALKER, CHANCELLOR.

The bill in this case was filed for the partition of land in the city of Trenton, of which the late George M. Mitchell died seized. The complainant, Mrs. Platt, is his surviving sister. The defendants are the children and grandchildren of a deceased brother and sister. An interlocutory decree was entered in which the bill was taken as confessed against the defendants, and it was referred to William J. Backes, Esq., special master, to ascertain and report on the right, title and interest of the respective parties in the premises, &c., with direction that the report be filed on a certain day therein mentioned, which was done.

The master reported that he was of opinion that Mrs. Overton, one of Mr. Mitchell's daughters, upon the death of her father, took an indefeasible estate in fee-simple, under his will, in the lands sought to be partitioned and that the parties to the suit had no right, title or interest in the land. In this opinion I concur. The master was guided by the decision of the court of errors and appeals in *Patterson* v. *Madden, 54 N. J. Eq. 714.* This case applies, as does also the very recent one of *Michael* v. *Minchin, 101 Atl. Rep. 283,* in the same court.

Counsel for complainant made oral objection to the report at the time it was filed, in pursuance of rule 227 of this court, and claimed that the master's conclusion should be overruled and the matter sent back to the master to report upon the other questions referred, because, as he contended, the devise to Mrs. Overton was defeated by her death without issue, and that the last contingent devise in the testator's will to his legal representatives, meaning heirs, took effect. An examination of the testa-

ment will, I think, quite conclusively show that the master is right.

The testator made his will in 1880, and it was proved in 1907, shortly after his death. In it he devises and bequeaths the residue and remainder of his real and personal property to his wife for life or so long as she should remain his widow, and, after her death or remarriage, to his two daughters, Josephine and Harriet, to be equally divided between them, share and share alike. And in case of the decease of either daughter, then to the survivor *absolutely,* unless the deceased daughter should leave lawful issue, then that such issue take the share which would have been received by such deceased daughter had she been living. In case both daughters should die, each leaving lawful issue, then the share of each daughter to be divided equally among such issue surviving, respectively, and in case of the death of both daughters without leaving lawful issue, then the estate to be divided equally among testator's legal representatives, share and share alike.

These events happened: The testator's wife died in his lifetime. His daughter Harriet, having married a man named Outhouse, also died in her father's lifetime and without issue. The father then died leaving his daughter Josephine him surviving. She was then married to Frederick C. Overton, who, the Overtons, on June 14th, 1913, conveyed the premises to an intermediary who reconveyed them to Mr. and Mrs. Overton, thus creating an estate by entirety in them, if the title were good, and I think it was. Mrs. Overton died March 2d, 1917, leaving her husband surviving, whereupon he became possessed of the entire estate in the premises.

It is to be observed that on the will taking effect in 1907, upon the death of the testator, the only devisee *in esse* qualified to take under the will was Mrs. Overton, and the language of the devise, which devolved the property upon her, is: "And in case of the decease of either one of my said daughters, then I give, bequeath and devise the same to the survivor absolutely." It is apparent that if there was no subsequent provision in the will, the surviving daughter, Josephine Overton, would take the estate in fee-simple absolute. Let us see what subsequent contingency

might make some other vesting of the whole or any part of the premises.

It is to be borne in mind that the devise of the entire premises was to the surviving daughter *absolutely* unless the deceased daughter left issue, in which event the issue would take her share. The daughter Harriet was dead without issue, and, consequently, the whole estate vested in her sister Josephine. Now, it was further provided that in case both daughters should die, each leaving issue, the share of each was to be equally divided among her issue. Because of the death of the daughter Harriet in her father's lifetime without issue, this contingency of one sister surviving and one dying leaving issue, could never happen on or after the taking effect of the will. Next, and last, in case of the decease of both daughters without issue, then the residuary estate was to be equally divided among testator's legal representatives, meaning, concededly, his heirs and next of kin—heirs in this case, as we are here only dealing with real estate.

Complainant claims that this limitation over to the heirs of the testator has not been defeated, and that by the death of his wife and of his two daughters, no issue being left by either of the latter, the limitation over to the heirs of the testator is good and has taken effect.

I cannot be persuaded that the provision of the will that in case of the decease of both daughters without issue the estate of Mrs. Overton, who took "absolutely" on her father's death, was cut down to an estate for her life and limited over to her father's heirs as mentioned. It must be apparent that if, when the will took effect, both daughters were living both would have taken, and if the deceased daughter Harriet had issue surviving they would have taken her share—that is, one-half, while the other half would have gone to the daughter Josephine, in fee-simple, and that in either case the limitation over would have been defeated. It is unreasonable to believe that the testator intended to give his surviving daughter a fee in one-half of his residuary estate if her previously-deceased sister had left issue, but, if she died without issue, then the whole estate for life only, with remainder over to his heirs generally. I think it clear that the one-half which the surviving sister would take in fee if the

other died leaving issue, was to be increased to a fee in the other half also if her deceased sister left no issue, thus giving the whole estate to the surviving daughter of the testator. That is the natural disposition that a man would make of his property.

In my opinion this limitation over to the testator's heirs generally stands, not in opposition to the devises to the daughters, but to the death of both of them prior to the death or remarriage of their mother, the testator's wife. This contingency did not happen as one daughter outlived her mother and sister, both of whom were deceased at the death of the testator and the consequent taking effect of his will. Upon the father's death, therefore, the absolute devise to the surviving daughter took effect, and the remainder to his heirs generally was defeated.

In my opinion Mr. Overton, the surviving husband of testator's deceased daughter Josephine, is now the owner of the premises sought to be partitioned, in right of surviving his wife, because the limitation over to the testator's heirs has been defeated. He is not made a party to the bill. If the decision were to be against his interest, he should be made a party, although, of course, a decree without his being before the court would in nowise bind him. By chancery rule 6 any person may be made a defendant who is alleged to have a claim or interest in the controversy; and by rule 12 the court, at any stage of the proceedings, either upon or without application, may order any party improperly omitted to be added; but, by rule 13, the court may determine the controversy as between the parties before it where it can do so without prejudice to the rights of others. And the court can, and does, determine this matter without in anywise prejudicing the rights of Mr. Overton. In form, the decision is beneficial to him, but in fact it doubtless does not benefit him, because made incidentally in a cause to which he is not a party; and this quite aside from any question of the court's power to decide as to the legal title to the premises, as this court has power to decide a question beyond its jurisdiction when it arises incidentally and collaterally in a suit within its jurisdiction, which decision, however, has no force *res judicata* or by way of estoppel. See *Mullaney* v. *Mullaney, 65 N. J. Eq. 384, 387.*

Counsel asserts that the reason he did not recite in the bill the conveyances from Mrs. Overton and her husband to the intermediary and from him to them, and why he did not make Mr. Overton a party, was because that would raise an issue of title not triable in this court. If this be so, it does not afford a conclusive reason for the course taken. He was obliged to set out a title in the parties, complainant and defendants, or the bill would not lie. The allegations concerning title should have been entirely ingenuous and disclosed all. All was disclosed to the master by the proofs submitted to him on behalf of the complainant. And it is upon proof *aliunde* the bill that the master finds that the parties have no interest in the premises, the title to which is in a stranger.

If the legal title to lands is in issue in a suit for partition, the court of chancery will either dismiss the bill or retain it to allow the title to be settled in an action at law. *Slockbower* v. *Kanouse, 50 N. J. Eq. 481; Havens* v. *Sea Shore Land Co., 57 N. J. Eq. 142.* And the practice is quite universal to retain it.

The objection to the master's report must be overruled and the bill dismissed.