This suit is for the specific performance of a contract for the sale of land. The defendant desires, but is unwilling, to take title, because, as it claims, the complainants are not the owners of the fee. The alleged defect in the title involves the construction of the last will and testament of Mary
NOTE. — The opinion as to the title was given at the solicitation of counsel for the defendant, who waived the available point, that where the marketability of the title is reasonably disputable, equity will not specifically enforce a contract, but will leave complainant to his action at law. He now has encountered difficulty in having the title insured, the insurance company claiming, and rightly, that the decree will not be res adjudicata, and desires that it be withheld until an action can be brought by the complainant to quiet the title.Schulz v. Garibaldi, 112 Atl. Rep. 854. I think he is within his rights; that will be the course. *Page 70 
Tompkins, former owner, who died in 1874, the pertinent parts of which read:
"Second. I give and bequeath unto my niece Hannah M. Halsted all my personal property of every kind and description, to her, her heirs and assigns, and, in case she should die without issue, I give the same to her sister Catherine C. Halstead.
"Item. I give and bequeath to my son, Moses Tomkins, for and during his natural life, the use of all my real estate of every kind and description.
"Item. After the decease of my said son, Moses Tomkins, I give and bequeath unto my nieces before named, Hannah M. Halsted and Catherine C. Halsted, all my real estate in equal proportions, share and share alike, to them, their heirs and assigns forever, and in case either should die without issue, the survivor to have the whole of my estate, and in case both should die without issue, I give and bequeath the same unto their mother, Jemima Halsted, to her, her heirs and assigns."
The life tenant died before the remaindermen. Hannah M. Halsted died without issue and intestate as to real estate, leaving as her heirs-at-law her sister, Catherine C. Condit (nee Halsted), and her brother, Henry B. Halsted. Henry B. Halsted died intestate as to real estate, leaving a widow and two children. Catherine C. Condit (nce Halsted) died intestate, leaving a son, who conveyed the premises to Amelia R. Godfrey, from whom the complainants hold by will.
The defendant makes the point that the gift over of the real estate to the surviving niece, upon the death of one of them without issue, means, in view of the preceding life estate, such death without issue in the lifetime of the life tenant, and that as both remaindermen survived the life tenant, each became seized in fee-simple of a moiety, and that upon the death of Hannah M. Halsted her one-half interest descended to her sister, Catherine C. Halsted, and her brother, Henry B. Halsted, and, consequently, the latter's children are now seized of a one-quarter interest in the land, and relies upon the second rule for the construction of wills defined by Chief-Justice Gummere in the case of Patterson
v. Madden, 54 N.J. Eq. 714, as follows:
"First. If land be devised to A. in fee, and a subsequent clause in the will limits such land over to designated persons *Page 71 
in case A. dies without issue, and A. so dies, and the substituted devisees are in esse at his death, and there is no other event expressed in the will to which the limitation over can fairly be referred, then A. takes a vested fee which becomes divested at his death and vests in those to whom the estate is limited over.
"Second. Where there is an event indicated in the will other than the death of the devisee to which the limitation over is referable [for instance, the distribution of the testator's estate or the postponement of the enjoyment of the property devised until the devisee reaches the age of twenty-one, or until the exhaustion of a prior life estate], such limitation over will be construed to refer to the happening of such event or to the death of the devisee, according as the court may determine from the context of the will and the other provisions thereof, that the limitation clause is set in opposition to the event specified or is connected with the devise itself."
If the devise stood alone it would be susceptible of the construction contended for, that the executory devise was intended to become operative in case of death of either niece before the life tenant; but looking at the rest of the will, and particularly the bequest of the personal estate to the niece Hannah M. Halstead, "and in case she should die without issue I give the same to her sister Catherine C. Halstead," it would appear that that was not the intention. According to the first rule of construction just quoted, the surviving niece would take the personal estate upon the death of her sister at any time, without issue, and it is not reasonable to assume that the testatrix intended the executory bequest should take effect upon the death of the primary legatee at any time, without issue, and the executory devise upon the death of the primary devisee, before the life tenant, without issue. It is to be presumed that the testatrix intended the surviving niece to take both her personal and real property upon the same contingency. This view is supported by the expression "and in case either should die without issue, the survivor to have the whole of my estate,"
both personal and real. This *Page 72 
provision might be defeated if the limitations over were not upon the same event — death at any time without issue. The executory devise, in the circumstances, is not referable to the event of the primary devisee dying before the life tenant, but stands in opposition to the devise, and was intended to come into effect upon the death of the primary devisee at any time, without issue. An indication of a contrary intention, though it be slight, renders inapplicable the rule that a limitation over of a remainder upon the death and default of issue imports such death and default during the life of the particular estate. Dean v.Nutley, 70 N.J. Law 217; Hampton v. Newkirk, 93 N.J. Eq. 270.Michael v. Minchin 90 N.J. Law 603, is an instance of the application of the second rule of construction laid down inPatterson v. Madden, supra. The rule adopted in England for construing such executory devises is different from ours, as pointed out by Vice-Chancellor Leaming, in Hampton v. Newkirk,supra.
The conclusion is that Hannah M. Halstead took a vested fee, subject to being divested, and that she was divested thereof upon her death without issue, and that it passed to her sister Catherine by the limitation over. The complainants have good title and the defendant will be decreed to perform its contract.