This bill is to compel the defendants to perform their agreement to purchase the house and lot 117 Arlington street, Newark. The defendants answer that the title is not marketable.
The complainant Austin (Hunt) Davis acquired title by will of his adoptive father, John Davis. The co-complainant is his wife. By the will the testator devised to his two sons, William and James, each a lot, and to his adopted son Austin another lot, and the remainder of his estate to his wife during widowhood. At her death he devised the homestead to his grandson, John W. Davis, the property here involved to his son William for life, and then to the complainant Austin and the residue of his estate, after some specific bequests of household articles to members of his family, to his sons, William and James, in equal shares, with *Page 89 
power in his executors to sell his real estate. The sixth item of the will, which contains the devise to the complainant Austin, reads as follows:
"Sixth. In case the house No. 117 Arlington street, in the city of Newark, now owned by me, shall be not sold during the lifetime or widowhood of my said wife as hereinafter provided, then, at the death of my said wife, I give, devise and bequeath the said house, No. 117 Arlington street, to my son William A.M. Davis, to be used and enjoyed by him during the term of his natural life; and from and immediately after his death I give, devise and bequeath the same to my adopted son Austin Hunt, and to his heirs and assigns forever, but in case said Austin shall die leaving no children to inherit, then said house and lot shall go to my son James N. Davis, his heirs and assigns forever."
The testator's widow and his son William, the life tenants, are dead. The property was not sold during the widow's lifetime. The defendants contend that Austin's estate is subject to defeat if he dies "leaving no children to inherit." That, undoubtedly, would be the case if there was no other event than his death at any time without leaving children to which the limitation over would be referable, but where, as here, there is another event expressed in the will to which the limitation over can fairly be referred, i.e., the event of the death of the life tenants, and the right of possession by the devisee, then, according to Chief-Justice Gummere's second rule of construction inPatterson v. Madden, 54 N.J. Eq. 714, "such limitation over will be construed to refer to the happening of such event, or to the death of the devisee, according as the court may determine, from the context of the will and the other provisions thereof, that the limitation clause is set in opposition to the events specified or is connected with the devise itself."
The accepted rule of construction of wills in this state is, where a limitation over upon failure of issue at the death of the devisee is incident to a devise of a remainder upon the termination of a life estate, to refer the limitation clause to the event of the death of the devisee before the death of the life tenant unless there are indications in the will of a contrary intent. The inclination of our decisions is to combine *Page 90 
absolute ownership with the right of possession and enjoyment and to lay hold of other events than the death of the devisee at any time to affect that end, unless it be inconsistent with the expressed intention of the testator. Patterson v. Madden,supra; McDowell v. Stiger, 58 N.J. Eq. 127; Michael v.Minchin, 90 N.J. Law 603; Ambruster v. Own Your Own HomeAsso., 97 N.J. Eq. 69. In these cases and in Platt v.Johnson, 87 N.J. Eq. 403, the context or other provisions in the wills were dwelt upon as supporting the rule. In Dean v.Nutley, 70 N.J. Law 217, and also in Chetwood v. Chetwood,81 N.J. Eq. 296; affirmed, Ibid. 522, and Hampton v. Newkirk,93 N.J. Eq. 270, the rule was recognized, but regarded as inconsistent with the intention of the testator and inapplicable. The devise in Rogers v. Baily, 76 N.J. Eq. 29, was held to be within the first rule of construction laid down in Patterson v.Madden. The rule in England for construing devises such as we are here dealing with is pointed out by Vice-Chancellor Leaming in Hampton v. Newkirk, supra, to be, that the limitation over is not defeated by the devisee surviving the life tenant unless the devisee has power of disposition, and he observes that the effect of that circumstance is in entire harmony with Patterson
v. Madden, but it will be noted that in the latter case, though the devisee's power of disposal was inferable from the suspension of the power during his mother's lifetime, and the termination of the suspension of power by the death of the mother was regarded as the event to which the limitation over referred and not the death of the devisee at any time, it was not adverted to by the chief-justice, nor is it intimated in any of the reported cases in this state that any such power must accompany the gift to defeat the executory devise. Such grant of power may be influential to defeat the gift over, but that it is essential is not the law of this state.
There is nothing in the will indicating a testamentary purpose that the executory devise should become operative upon the death of Austin at any time without leaving children, but, on the contrary, other provisions of the will sustain the applied legal construction. By an earlier item in the will, *Page 91 
and which precedes the gift of the life estate to his widow, the testator gave Austin another lot outright, thus indicating that it was not his intention that his adopted son should merely have the use of property given to him by the will and not the ownership unless he earned it, and when he gave him the house in question, which he was not to have in possession until after the deaths of the widow and his son William, it is reasonable to assume that he intended to unconditionally give the ownership with the enjoyment, if Austin lived to go into possession. The devise is in terms of absolute gift, including words of limitation, "but" was to be cut down if he failed to survive the life tenants "leaving no children to inherit." The words of inheritance, it would seem, were used also in the sense of words of purchase, denoting the devisee's surviving children as substituted devisees if he failed of possession. It is obvious that the testator did not mean that if and whenever Austin died, leaving no children to inherit, the property was to go to James, but that he meant that either Austin or his children should have the house after his widow and son were through with it; that he was to have it if alive at that time, but, if dead, his children were to inherit it, and, leaving no children to inherit, it was to go to his son James, and in this order to each alternately, absolutely. The limitation over is set in opposition to the event of Austin's death before the life tenants. The complainants have an indefeasible estate of inheritance. The defendants will be decreed to perform. *Page 92