IRMA T. SCHUMANN, complainant,

*v.*

CHARLES E. BOGERT et al., defendants.

[Decided November 6th, 1939.]

*Mr. William R. Gannon,* for the complainant.

*Mr. Walter J. Freund,* for the defendants.

FIELDER, V. C.

John C. Bogert died December 27th, 1937, leaving a will dated June 5th, 1934, wherein he made the following devise:

"I devise the house and lot of land known as 802 Montgomery Street in said Jersey City, to my grand-daughter, Irma *G.* Schumann. If said Irma *G.* Schumann die without issue, I devise said real estate so devised to her, to my son, Charles E. Bogert, or to his issue, if he shall predecease said Irma *G.* Schumann."

The devisee named in above clause is the complainant herein seeking a decree adjudging her estate or interest in the devised premises. She is a daughter of testator's deceased daughter, is married, her husband is living and she has never had issue. In arriving at the testator's intention the whole will should be read but I find nothing in any other part thereof of assistance in construing the quoted clause.

1. The first sentence of the quoted clause standing by itself devises an absolute fee to complainant. The second sentence is not void as repugnant to the preceding sentence but the two sentences, constituting the whole clause, must be read together to ascertain the testator's intention.

2. The complainant is not entitled to a fee-simple absolute. The words "if said Irma G. Schumann die without issue," are not intended to refer merely to her death in the testator's lifetime. Under the rule of will construction followed by our courts, had the devise been to Mrs. Schumann and "if she die" (and nothing more) it would be held that the contingency the testator had in mind was Mrs. Schumann's death in the testator's lifetime (*Dranow* v. *Sherry, 80 N. J. Eq. 447; 85 Atl. Rep. 189*), and in such case the devise over would not take effect because she has survived the testator. But the contingency upon which the devise over is to take effect being expressed to be Mrs. Schumann's death without issue, such contingency is not her death, which is certain, but her death *without issue,* which is uncertain—a contingency which cannot be determined until her death occurs, whether before or after the testator's death. *McDowell* v. *Stiger, 58 N. J. Eq. 125; 42 Atl. Rep. 575; Rogers* v. *Baily, 76 N. J. Eq. 29; 73 Atl. Rep. 243; affirmed, 78 N. J. Eq. 589; 81 Atl. Rep. 1134; Hampton* v. *Newkirk, 93 N. J. Eq. 270; 115 Atl. Rep. 656; Ambruster* v. *Own Your Home, 97 N. J. Eq. 69; 127 Atl. Rep. 167.*

Such construction is particularly applicable in this case, when it is understood that the testator was ninety-five years of age when he executed his will and Mrs. Schumann was then forty-two. She had then been married eleven and a half years and had had no child. In the natural course of human life she would be expected to survive the testator and when the testator was contemplating her death without issue, it is not probable that he was thinking only of her death prior to his.

3. The devise to Mrs. Schumann with the limitation over if she should die without issue, does not create a fee-tail which by force of *P. L. 1934 ch. 205; R. S. 46:3-15,* would be converted into a fee-simple. The act of 1934 became a

law six days after the execution of the testator's will and did not become effective until a month later. *Comp. Stat. p. 4973 § 13; R. S. 1:2-3.* It provides that when under any will "hereafter" made, a devisee shall become seized of such an estate as theretofore would have been held an estate of fee-tail of any type, such will shall vest an estate in fee-simple in such devisee.

The devise to Mrs. Schumann of a fee with limitation over in case she dies without issue, means a want or failure of issue in her lifetime or at her death, and not an indefinite failure of issue. *Comp. Stat. p. 5870 § 27; R. S. 3:2-17.* I think the act of 1934 does not apply to this will, executed prior to the date that act became a law but even if it does, the estate devised is not a fee-tail but an estate in Mrs. Schumann in fee-simple defeasable only in the event of her death without issue. *Den* v. *Allaire, 20 N. J. L. 6; Seddel* v. *Wills, 20 N. J. L. 223.*

4. There being nothing found in the will to show a contrary intent my conclusion is, on the authority of the above cited cases, that it was the testator's intention to give Mrs. Schumann a vested fee which will become divested at her death without issue and will vest in the person or persons then *in esse,* to whom the estate is limited over.