Bradway v. Holmes.

---

WILLIAM BRADWAY, administrator *de bonis non cum testamento annexo* of David F. Bradway, deceased,

v.

JOHN HOLMES, administrator of Harriet Bradway, deceased.

1. An administrator *de bonis non cum testamento annexo* cannot maintain an action against the personal representative of a deceased executor to recover from him such part of the testator's estate as the executor converted into money.

2. A will contained this clause: "*Third.* I give and bequeath unto my beloved wife, Harriet Bradway, the rest and residue of my personal property,

and the issues and profits of all my real estate *for her maintenance so long as she shall live*, with power to sell and dispose of so much of my personal property or real estate as in her judgment *may be necessary for her comfortable support and maintenance*, and apply the proceeds for her support and maintenance as aforesaid."—*Held*, that the right of the widow was limited to so much as she might need for her comfortable maintenance and support.

On final hearing on bill and answer.

*Mr. Enoch S. Fogg* and *Mr. William T. Hilliard*, for the complainant.

*Mr. Clement H. Sinnickson*, for the defendant.

PITNEY, V. C.

The bill is filed by an administrator *de bonis non cum testamento annexo* against the administrator of the executrix named in the will. Its object is to procure a decree that a sum of money ($1,236.27) which, at the death of the executrix, stood to her individual credit in bank, was, in fact, the money of the estate of the testator; and it prays that it may be so declared, and that the defendant may account &c.

Before entering upon the taking of evidence two preliminary questions were raised and argued, and the taking of testimony postponed until they should be considered and settled. The first question is one of construction of the will of the testator, and the second one involves the right of the present complainant to maintain this action.

The testator was David F. Bradway, of the county of Salem, and he died on the 1st of August, 1889, and by his will, which was probated on the 16th of August, 1889, he provided, among other things, as follows:

"*Third*. I give and bequeath unto my beloved wife, Harriet Bradway, the rest and residue of my personal property, and the issues and profits of all my real estate *for her maintenance so long as she shall live*, with power to sell and dispose of so much of my personal property or real estate as in her judgment may be necessary for her comfortable support and maintenance, and apply the proceeds for her support and maintenance as aforesaid.

"*Fourth.* At the death of my said wife, I give and bequeath the rest and ·residue of my estate *remaining in her hands undisposed of*, both real and personal, her debt and funeral expenses first being defrayed therefrom, to Mary E. Matts, Ella Bradway, William Bradway and Bert Kelly above named in equal portions, share and share alike; provided, if the said Burt Kelly shall ·have died without issue before my said wife, his share shall lapse and the whole surplusage go to the other three remaining legatees above named."

And by his will he appointed the defendant's intestate, Harriet Bradway, his wife, sole executrix. She proved the will, possessed herself of the estate and died before accounting, July 9th, 1890.

The contention of the defendant is that the gift to the wife was, in effect, a gift of an absolute estate, and counsel relied in support of that position on *Rodenfels* v. *Schumann, 18 Stew. Eq.* ·*386,* and the principle there established.

The principle relied upon is this: That where an estate is ·given to a person generally or indefinitely, with an unlimited power of disposition, with a bequest or devise over of what may remain after the death of the first taker, it carries a fee, and the gift over is void; the only exception to this rule being where the ·testator gives to the first taker an estate for life only by certain ·express words and annexes to it a power of disposal.

The bequest in *Rodenfels* v. *Schumann* was this:

" That all my property, both real and personal, shall be for the sole use and 'benefit of my wife, Julianna, after my decease, and, in the event of her death, 'then what shall remain to be disposed of in the following manner, namely " &c.

And it was held that she took an absolute estate because her power of disposition during her lifetime was unlimited.

The difference between that will and this is, that here the power of disposition is limited, as to the principal of the estate, to so much as may be necessary for her comfortable support and maintenance, and language is used which might well be construed to limit it to an estate for life by express words, viz., " the rest ·and residue of my personal property, and the issues and profits ·of all my real estate for her maintenance so long as she shall ·live."

Such limitation was held by me in *Cox* v. *Wills, 4 Dick. Ch. Rep. 130,* to reduce the estate to one for life. There the testator in disposing of the residue of the estate used this language:

"I do hereby give and bequeath unto my beloved wife Lydia H. Leeds, to be paid to her as soon as conveniently can be, after my said debts and legacies are paid and satisfied, which said last mentioned legacy I give my said wife in good faith believing that she will make a will, and thereby distribute *so much of the last named legacy among my near relatives as she may not use for comfortable maintenance.*"

It seems to be impossible to distinguish that case from this. I hold, therefore, that the estate bequeathed by the will in question was one for life only.

The next point, viz., as to the right of this complainant to maintain this suit, is a more serious one.

It was held by Chancellor Zabriskie, in *Carrick, Administrator, v. Carrick, Executor, 8 C. E. Gr. 364,* upon a full examination of the authorities, that an administrator *de bonis non,* with the will annexed, cannot maintain an action against the personal representative of a deceased executor to recover from him such part of the estate as he has converted into money, and that his right as administrator *de bonis non* &c. is limited to possessing himself of so much of the testator's estate as remains in specie. That case would seem to be entirely decisive of this.

There is a subsequent case of *Lindsley* v. *Personet,* decided by Chancellor Runyon and reported in *8 Stew. Eq. 355,* which seems to conflict with it. There an administrator *de bonis non cum testamento annexo* filed a bill against the administratrix of the surviving executor for an account of the estate. The bill prayed other matters of relief, and, upon a demurrer, the chancellor held that the demurrer as to the other matters of relief was well taken, and after so holding he closes his opinion thus: "But beyond this the complainant has a right to the account which he seeks of the administration of the estate of his testator by Stephen Personet, his executor, and so far he is entitled to relief." He cites no authorities and gives no reasons for that conclusion. It would seem to be in direct antagonism to the case of *Carrick* v.

*Carrick.* But in *Lindsley* v. *Personet* the trust established by the will had not been fully carried out. It was in favor of the testator's widow and she was still alive and entitled to a comfortable support and maintenance out of his estate, and the object of the bill was to obtain such support. That circumstance may distinguish it from the previous case. Be that as it may, I cannot think that Chancellor Runyon intended to overrule *Carrick* v. *Carrick*, which was decided after full consideration of the authorities and has been mentioned with approval by Chief-Justice Beasley in *McDonald* v. *O'Connell, 10 Vr. 317*. Speaking of an administrator *de bonis non* (at *p. 320*) he says: " With regard to these latter class of officers, it has been many times decided that they cannot call on the representative of their predecessor for the proceeds of property converted into money, but only for assets existing in specie," citing *Brownlee* v. *Lockwood, 5 C. E. Gr. 239,* and *Carrick* v. *Carrick, 8 C. E. Gr. 364.*

The defendant is liable to be called upon to account by the beneficiaries mentioned in the fourth item of the will here in question, and any payment which he should make to the complainant by virtue of a decree herein will be no protection to him against an action by those persons.

Under these circumstances I feel constrained to hold that the complainant cannot maintain his action in his representative capacity.

But he is also one of the beneficiaries mentioned in the will and, as such, is entitled to the very relief prayed for in his bill. I think the bill is so framed that it may be amended so as to make it the bill of the complainant as an individual, and he may join therein the other beneficiaries if they are so minded, or he may make them parties defendant as he shall be advised. *1 Story Eq. Pl. § 89.*

The amendment will be permitted without costs. I will advise a decree accordingly.