THOMAS S. WILLS and SARAH WILLS

*v.*

ELIZA A. WILLS, ELIZA A. WILLS, executrix.

[Submitted February 18th, 1907. Decided February 22d, 1907.]

1. Where lands are devised in the first instance in language indeterminate as to the quality of the estate, from which an estate for life would result by implication, and words adapted to the creation of a power of disposal, without reservation as to mode of execution, are added, the will vests in the devisee an estate in fee.

2. A power given to a devisee to sell when in her judgment a sale is necessary for her comfort and convenience, is a power without limitation within the rule that where lands are devised in the first instance by language indeterminate as to the quality of the estate, and words adapted to the creation of a power of disposal, without reservation, are added, the will vests in the devisee an estate in fee.

3. While force should be given to the intention of the testator, his intention must be gathered by the application of the known rules of construction and interpretation.

On motion to strike out bill.

*Messrs. Berry & Riggins,* for the complainants.

*Mr. Ephraim Tomlinson* and *Mr. Howard M. Cooper,* for the defendants.

LEAMING, V. C.

I entertain the view that the provisions of the will in question fall within the defined rule of construction that where lands are devised in the first instance in language indeterminate as to the quantity of the estate from which an estate for life would result by implication, and words adapted to the creation of a power of disposal, without reservation as to mode of execution, are added, the construction will be that an estate in fee is given. I am unable to find in the power of sale contained in the fifth paragraph of the will any limitation upon the power of disposition sufficient to remove it from the operation of this rule. The power of sale named in the will is, as I understand the force of the language used, the power to sell, when, in the judgment of the devisee, a sale is necessary for her comfort or convenience. The testator apparently sought to make the judgment of the devisee the sole criterion for the exercise of the power. No power could do more. Had the power of sale been limited to conditions where a necessity should exist to provide funds for the support of the devisee, the views expressed by Vice-Chancellor Pitney in *Cox* v. *Wills, 49 N. J. Eq. (4 Dick.) 130,* and *Bradway* v. *Holmes, 50 N. J. Eq. (5 Dick.) 311,* might apply. But here the devisee's power of sale is based upon her own judgment as to her own convenience. I deem such a power practically without limitation. I am convinced that the provisions over must fail. While full force should be given to the intent of the testator, yet that intent must be gathered by the application of the known rules of construction and interpretation established by oft-repeated and long-standing adjudication. *Tuerk* v. *Schueler, 71 N. J. Law (42 Vr.) 331, 333.*

I will advise an order striking out the bill.