GEORGE G. FRELINGHUYSEN, executor, &c., complainant-respondent,

*v.*

SARA L. B. FRELINGHUYSEN et al., defendants.

[Submitted July 8th, 1912. Decided November 18th, 1912.]

A testator directed that the remainder of his estate be held by his executor upon trust to pay the income to his wife until the youngest child then living reach the age of twenty-one years, and on the death of his wife to pay the income to his four children, naming them, "or to the direct descendant or descendants of either of them in equal shares," or if the youngest child should reach the age of twenty-one years during the life of the wife, to pay one-third of the income to his wife and two-thirds to

his said children, "or such of them as may then be living, or to their direct descendant or descendants share and share alike."—*Held*, that the children took a vested interest in the income, subject to the trusts created, and that on the death of the widow, there being no gift over of the *corpus*, the children or the direct descendants of those deceased would take the trust fund absolutely, and that the words "direct descendants," as used by the testator, mean descendants of any child dying during the existence of the trust, and not descendants of those of the children living at the death of testator's wife and the termination of the trust.

The bill of complaint in this cause prays the construction of the last will and testament of Peter H. Ballantine, deceased. He died leaving a widow and four children, three daughters and a son. The widow and testator's son, George, are now deceased. The latter left no descendants. Of the three daughters, two have children living, and whatever interest George had in the estate under the will was sold by his trustee in bankruptcy and purchased by two of his sisters.

So much of the will as is necessary for the determination of the questions raised reads as follows:

"V. The remainder of my estate shall be held in trust by my executors, and the income thereof paid to my beloved wife, Isabella Linen Ballantine, until the youngest child then living shall reach the age of twenty-one years and on the death of my beloved wife, my executors shall hold for the benefit of and pay the income thereof to my children, Sara Linen, Isabel A., George A. and Mary C., or to the direct descendant or descendants of either of them in equal shares, subject to the provisions of section VII. hereinafter as to the share of George A. Ballantine.

"VI. That when my youngest child then living shall reach the age of twenty-one years, the executors shall pay to my beloved wife one-third ($\frac{1}{3}$) of the income of my estate, and divide the other two-thirds ($\frac{2}{3}$) in equal shares between my children, Sara, Isabel, George and Mary, or such of them as may be then living, or to their direct descendant or descendants, share and share alike *per stirpes*, provided, however, that the payment of the income to any child or children aforesaid, or to a descendant or descendants of either shall be first approved by my beloved wife, otherwise the same shall be withheld for the benefit of that child from whom it may be so withheld.

"VII. That one-fifth ($\frac{1}{5}$) part of the share of my son, George A. Ballantine (provided for in section V.) in my estate shall be made over to him absolutely on his reaching the age of twenty-one years, and that in addition thereto three-fifths ($\frac{3}{5}$) of his share in my estate be made over to him on his reaching the age of twenty-eight years, provided the executors, with the approval of my beloved wife, if she is then living, may delay the payment of the last mentioned part of his share, to wit, the

three-fifths (⅗) part until such time as they may approve, and that the remaining one-fifth (⅕) part of his share be held in trust by executors for the benefit of my said son, George A. Ballantine, and his direct descendants.

"IX. I request that my executors sell all my unimproved real estate for the benefit of my estate.

"XI. That the house and lot, No. 29 ("27") Washington Street, Newark, New Jersey, I will and bequeath to my daughter Sara Linen Ballantine Frelinghuysen, the amount paid for the same by me to be deducted from any share or portion which may hereafter be allotted or paid to her from my estate by my executors.

"XII. I hereby authorize my executors, with the consent of my beloved wife, to sell and dispose of any and all of my real estate, improved or unimproved, for the benefit of my estate."

By the decree appealed from it was adjudged that the trust provided in the fifth and sixth paragraphs terminated on the death of the widow of the testator, and that thereupon each of the three of the surviving children of the testator became vested with an absolute estate in one-fourth of the principal fund; that the assignees of testator's son, George, to whom his interest was conveyed by his trustee in bankruptcy proceedings, are vested with the remaining one-fourth part, and that the power of sale provided in paragraph XII. of the will, ceased on the death of the widow. The grandchildren of the testator, claiming that they take the *corpus* of the estate after the death of testator's children, have appealed from this decree.

*Messrs. Pitney, Hardin & Skinner,* for the complainant-respondent.

*Mr. John O. H. Pitney,* for the children of testator.

*Messrs. Collins & Corbin* and *Mr. Charles B. Bradley,* for the appellants.

The opinion of the court was delivered by

BERGEN, J.

The contention of the grandchildren of the testator is, that under the foregoing will the residuary estate must be held by the executors, after the death of the widow, in trust to pay the in-

come, during life, to the children, and the *corpus* of the fund thereafter to the grandchildren of testator. The correctness of this claim depends upon the solution of the question whether the children take under the will a vested interest in the *corpus* of the trust fund or simply a life estate with remainder to the grandchildren.

There is no express gift of the principal, but there is a gift of the income of the residuary estate to the children without limitation, and without disposition of the remainder, which confers an absolute title in the fund from which the income arises, unless it clearly appears that a contrary disposition is intended. *Gulick* v. *Gulick, 27 N. J. Eq. (12 C. E. Gr.) 498; Post v. Rivers, 40 N. J. Eq. (13 Stew.) 21.*

The appellants insist that the true construction of this will limits the right of testator's children to a life estate with remainder over to them as the direct descendants of the children, and rest this claim upon the direction in paragraphs V. and VI. that on the death of testator's wife his executors should hold the fund for the benefit of and to pay the income thereof to his four children, "or to the direct descendant or descendants of either of them in equal shares."

We fail to find anything in these paragraphs which indicates an intention to give the principal to the grandchildren, but, on the contrary, when read with other parts of the will, their clear meaning is that direct descendants of any child dying during the existence of the trust shall take as a substitute for a deceased parent, and in no way limits the estate of a child in the principal. That it was the intention of the testator to give his estate to his children in equal shares is manifested by other provisions in his will. In paragraph VII. he directs that one-fifth "of the share of my son, George," shall be made over to him absolutely on his reaching the age of twenty-one years, and in paragraph XI. he gives to his daughter Sara a house and lot, and then directs that the amount he had paid for it should be "deducted from any share or portion which may be hereafter allotted and paid to her from my estate." If it was not intended to give his children the principal of the fund from which the income was to be derived during the continuance of the trust, then neither of the children last

mentioned had been given any share, one-fifth of which could be paid to one when he reached twenty-one years, or from which the value of the house given the other could be deducted.

In addition to the foregoing we are of opinion that by using the words "held for the benefit of, and pay the income thereof to my children," in paragraph V., he intended to give to his children the sole beneficial interest in the residue of his estate in equal shares, the principal being held in trust for a limited period, during which the income therefrom was payable as directed.

Reading paragraphs V., VI. and VII. together the purpose of the testator as therein expressed was, that during the life of his wife and the minority of his youngest living child, his estate should be held in trust; to pay the entire income to the widow until the youngest child reached the age of twenty-one years, and thereafter to pay the income to the widow and the children in the proportions set out in paragraph VI., during the infancy of his youngest child and the life of the widow, and thereafter the principal to his children to be their absolute property, except as to the share given to George, one-fifth of which was to be paid to him when he reached the age of twenty-one years, and three-fifths to be made over to him on reaching the age of twenty-eight years, subject to the approval of his wife, if she should then be living, and that the remaining one-fifth was to be held in trust by his executors for the benefit of George and his direct descendants; in other words, the last one-fifth was to be held on the same terms as the shares given to his three daughters, to become payable when the trust terminated.

We are also of opinion that the active trust ended on the death of the wife, or at such time thereafter as the youngest living child reached the age of twenty-one years, and it being admitted that the youngest child has reached that age, and that the widow is dead, the shares of the children in the principal fund is now absolute and subject to payment.

The appellants rely upon the construction given to this will by the federal courts in a contest between George and the purchasers of his interest in the estate, sold through proceeding in bankruptcy. *152 Fed. Rep. 785.* But while the court in that case

declared that George took a life estate with a remainder in his children, that was not necessary to the decision of the question before the court, and was so considered by the judge who delivered its opinion, for he said: "In conclusion I would say that, whatever construction is put upon the clause under consideration, it seems to me that the fund must continue to be held in trust, at least during the lifetime of George, and that is all that need now be determined."

From this adjudication an appeal was taken to the United States circuit court of appeals, where the court at first affirmed the decree, but upon rehearing modified it to read as follows: "That the bill be and the same is hereby dismissed, without prejudice to complainant's rights to hereafter claim that the trust, as to the last one-fifth of George A. Ballantine's share. will cease upon the death of testator's widow." *Ballantine et al.* v. *Ballantine et al., 88 C. C. A. 109.* So it was left undecided whether the trust, as to the last one-fifth of George's share, should cease upon the death of the testator's widow, which is one of the questions now before us, and we hold that the trust terminated with the life of the widow and George's share then became payable.

Regarding the only other matter argued by the appellants, viz., whether the executor is vested with an unconditional power of sale over the improved real estate, we are of opinion that the decree correctly adjudged that the power ceased on the death of the widow whose approval is required.

The decree will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF-JUSTICE, GARRISON, SWAYZE, TRENCHARD, BERGEN, VOORHEES, MINTURN, KALISCH, BOGERT, VREDENBURGH, CONGDON, WHITE, TREACY—14.

*For reversal*—None.