LUCY   BRAZZALLE,   PLAINTIFF-APPELLANT,   v.   LOUIS DIEHM, DEFENDANT-RESPONDENT.

Submitted March 23, 1914—Decided June 15, 1914.

A testator devised a life estate in lands to his widow, and after her death to his two children, and if one should die without lawful issue then his or her share should go to the other, but if both should die, then to another daughter. The latter died in the lifetime of the life tenant, and her heirs conveyed her interest in the land to the widow and the two children, who together subsequently conveyed the land by a deed with full covenants. *Held*, that the latter conveyance passed an indefeasible title in fee-simple.

On appeal from the Hudson County Circuit Court.

For the appellant, *McDermott & Enright.*

For the respondent, *James C. Agnew.*

The opinion of the court was delivered by

BERGEN, J. By his last will and testament John Masker devised the residue of his estate to his widow for life, and after her decease to John and Margaret Masker, two of his children, "their heirs and assigns forever," but if his widow should remarry, "then her right to my estate shall cease and only to be entitled to her right of dower in my real estate." The will further provided that if John or Margaret "should die without lawful issue, then his or her share should go to the other one, but if both should die, then to my first named daughter, Elsie Jane Boman." Elsie died intestate after the testator and thereafter her only heirs-at-law conveyed to testator's widow and the two children, John and Margaret, all their estate in the lands involved in this controversy, whether vested, contingent, or expectant, and subsequently the widow, John and Margaret conveyed the land to the defendant, who in turn conveyed to plaintiff by deed containing full covenants of seizin and warranty.

The appellant, claiming that the estate of the grantors of the defendant was, under the will of the testator, defeasible under certain contingencies contained in the will, and, therefore, not capable of being conveyed, brought this suit to recover damages for breach of the covenants contained in defendant's deed to her. The defendant answered, admitting the facts stated, but claimed that the estate conveyed was a fee-simple indefeasible, and, therefore, no cause of action was stated in the plaintiff's complaint. The question of law thus presented was disposed of under rule 40 of the Supreme Court by striking out the complaint, and such decision being decisive of the whole case, judgment final was entered and plaintiff appeals.

The only question argued relates to the estate vested in the

widow and the two children at the time of their conveyance to the defendant. The gift to John and Margaret vested at the death of testator subject to defeasance in the event of death without lawful issue, with right of survivorship if one should die without issue, and also to the life estate of the widow. Whether the survivor takes the share of the other child absolutely is not necessary to be decided in this case because, if absolute, it would pass by their deed to the defendant.

Under this will if Margaret had issue, her title became indefeasible and her deed would convey an absolute estate, but if she should die without leaving issue, her estate would go to John, notwithstanding any conveyance she might have made, and the converse of this proposition would be true if applied to John, and if both die without the happening of the contingency, the title would pass to Elsie, unless the contention of the appellant to be hereafter dealt with be sound. The situation is substantially the same as it would be if the testator had given a vested estate in fee-simple to one, subject to its divesting upon the happening of the contingency, death without issue, in which event the estate would vest in Elsie, a condition similar to that in *Dilts* v. *Clayhaunce,* 70 *N. J. Eq.* 10, where it was held by Chancellor Magie that such an estate as Elsie would take, on the happening of the contingency, was not a contingent remainder, but a provision in her favor in the nature of an executory devise. Such executory interest in lands may be conveyed (*Comp. Stat., p.* 1539, § 19), "although the contingency on which such right, estate or interest are to vest may not have happened," and under this statute Elsie could in her lifetime have conveyed her executory interest subject to the contingency that John or Margaret leave issue. *Wilkinson* v. *Sherman,* 45 *N. J. Eq.* 413; affirmed in this court, 47 *Id.* 324.

In the will under consideration there is no gift by implication or otherwise to the issue of John or Margaret. The gift is to them, their heirs and assigns forever, subject to a defeasance if they should die without lawful issue, which means death in the lifetime of the life tenant without lawful

issue, the words "without lawful issue" to be read without leaving lawful issue. *Comp. Stat., p.* 5870, § 27, of our statute concerning wills. If either John or Margaret should die leaving lawful issue, their defeasible estates would become an absolute fee-simple, relieved of the divesting contingencies, and their issue would take it, if not disposed of by their parents, by inheritance and not by purchase under the will. *Howell* v. *Gifford,* 64 *N. J. Eq.* 180, 183. So that if John or Margaret had issue, they would have a title which they could convey or devise, subject to the contingency of leaving issue surviving. If no issue survived, no title would pass, because the estate then either went to the survivor leaving issue, or, in default in both cases, to Elsie, and in the latter case Elsie's vested interest became a fee-simple which on her death passed by inheritance to her children, or if, as appellant claims, the gift to her was personal, it was void for want of a person to take and the prior devise became absolute. *Den* v. *Schenck,* 8 *N. J. L.* 29.

In *Den* v. *Allaire,* 20 *N. J. L.* 6, the devise was to a son, Charles, of the homestead farm subject to a condition that if he should die without issue, it should go to his surviving brothers. Charles conveyed the homestead by full covenants of seizin and warranty and subsequently died, leaving a daughter born after the conveyance. The daughter, claiming that the deed was void as to her, brought ejectment. The court held that the devise over to the surviving brothers depended upon a definite failure of issue as it took effect at the decease of Charles without leaving issue, and that the deed made before the death was a good conveyance, for the contingency, death without leaving issue, having happened, his estate thereby became absolute. In a concurring opinion, Chief Justice Hornblower says: "It is true the father of the lessor of the plaintiff aliened the lands, before she was born, and consequently before he had any absolute estate in fee in the premises. But he conveyed with full covenants of warranty, and as she survived him, whereby the estate became absolute in him, those covenants have descended upon her, and she cannot recover in opposition to them."

Therefore, when in this case John and Margaret conveyed, they transferred an absolute estate, if they hereafter die leaving issue, in default of which the ultimate estate vests in Elsie under the will, or in her children as her heirs-at-law in the event of her death, they taking by inheritance, or if the devise over to Elsie is void for want of a person in being to take, the prior estates became absolute. The deed of the heirs-at-law of Elsie conveyed whatever of the title Elsie would have taken to the widow, John and Margaret, and their deed passed to the defendant an absolute title discharged from all contingencies or executory devises.

The appellant, however, urges that the gift to Elsie was personal, there being no words of inheritance, and as she died druing the life tenancy the legacy to her lapsed, and, therefore, the testator died intestate if both John and Margaret should die without leaving issue. There are two answers to this—*first,* if, by the death of Elsie, the gift being personal, the executory devise became void, the prior devise became absolute (*Drummond's Executors* v. *Drummond, supra*) ; and *second,* as this dispute arises over lands devised by the testator, it is subject to section 36 of an act concerning wills (*Comp. Stat., p.* 5873), which declares that all devises of land in which the words "heirs or assigns" are omitted, and no expressions are contained in such will whereby it shall appear that such devise was intended to convey only a life estate, and no further devise thereof being made after the death of such devisee, shall be taken as granting, taking and devising an absolute estate in fee-simple. We are inclined to think that under this will Elsie's estate vested in her at the death of the testator, subject to the life estate of the widow, and also to the happening of the contingency that John and Margaret should die without leaving lawful issue.

The appellant further contends that the widow cannot convey an indefeasible life estate as she is still alive and unmarried, the will providing that the life estate is to be divested on her remarriage, and that as the testator has not specifically provided to whom the balance of the widow's life estate is to go in case she remarries, there is an intestacy as

to the contingent interest in the widow's life estate. In the present case if the wife elects to remarry, her life estate is revoked by the will and she is remitted to her dower, and, therefore, if by her act she refuses to take under the terms of the will, the prior estate is destroyed and the right of the remaindermen to possession is accelerated and vests immediately (*Bainbridge* v. *Cream*, 16 *Beav.* 25), where testator gave land to his wife for life, but if she remarried he revoked it and gave remainder over at her death or second marriage. The wife remarried and it was held that the proceeds were divisible immediately, although the widow was still living. So in such case the widow has no estate if she remarries, and if she does not her life estate continues and is subject to her conveyance. See, also, *In re Vance Estate*, 21 *Atl. Rep.* 643.

This disposes of all of the questions argued by the appellant in support of his appeal. We think that the trial court properly disposed of this case and that the judgment appealed from should be affirmed.

*For affirmance*—The CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, BERGEN, MINTURN, KALISCH, BOGERT, VREDENBURGH, WHITE, HEPPENHEIMER, JJ. 12.

*For reversal*—None.