The lands and premises in question were sold by order of the court, by virtue of a decree entered in this court, and the special master who made the sale was directed to and did pay the money into the court. Application is now made for an order of distribution and it is necessary to construe the terms of the will of Samuel S. Huston, the pertinent parts of which are as follows:
"Second: I give, devise and bequeath to my wife, Mary E. Huston, the use and income of all my estate, real, personal or mixed of whatever kind or wheresoever the same may be, and if in her judgment it becomes necessary for her comfort and support or necessity demands it, during her lifetime, she may use all or any part of the principal thereof for such purpose.
"Third: After the death of my wife, Mary E. Huston, I will and bequeath to my five grandchildren, Ridgway Cook, Marianna Cook, Emma Cook, Carrie Cook and Joseph Cook the sum of five dollars each.
"Fourth: All of the residue or remainder of my estate, I will and bequeath to my three children, William H. Huston, Lena M. Pearson and S. Clifford Huston, share and share alike, or their heirs, if parent is deceased."
The language in this case is strikingly similar to that inWills v. Wills, 72 N.J. Eq. 782. Vice-Chancellor Leaming said:
"I entertain the view that the provisions of the will in question fall within the defined rule of construction that where lands are devised in the first instance in language indeterminate as to the quantity of the estate from which an estate for life would result by implication, and words adapted to the creation of a power of disposal, without reservation as to mode of execution, are added, the construction will be that an estate in fee is given. I am unable to find in the power of sale contained in the fifth paragraph of the will any limitation upon the power of disposition sufficient to remove it from the operation of this rule. The power of sale named in the will is, as I understand the force of the language used, the power to sell, when, in the judgment of the devisee, a sale is necessary for her comfort or convenience. *Page 259 
The testator apparently sought to make the judgment of the devisee the sole criterion for the exercise of the power. No power could do more. Had the power of sale been limited to conditions where a necessity should exist to provide funds for the support of the devisee, the views expressed by Vice-Chancellor Pitney in Cox v. Wills, 49 N.J. Eq. 130, andBradway v. Holmes, 50 N.J. Eq. 311, might apply. But here the devisee's power of sale is based upon her own judgment as to her own convenience. I deem such a power practically without limitation. I am convinced that the provisions over must fail. While full force should be given to the intent of the testator, yet that intent must be gathered by the application of the known rules of construction and interpretation established by oft-repeated and longstanding adjudication. Tuerk v. Schueler,71 N.J. Law 331, 333. I will advise an order striking out the bill."
This case was affirmed, per curiam opinion (73 N.J. Eq. 733), and has been followed in Gaston v. Ford, 99 N.J. Eq. 592,
wherein Vice-Chancellor Buchanan said:
"The gift of the additional unlimited power of absolute disposal need not be in express language — it may be construed by implication. There are many adjudicated cases dealing with the question as to what words or expressions are to be deemed to imply a gift of unlimited power of absolute disposal. These will be found collected in Weaver v. Patterson, 92 N.J. Eq. 170,
and need not here be repeated."
It follows, therefore, that the will is to be construed to pass a fee-simple estate or absolute ownership, and a subsequent gift over is invalid. *Page 260