The bill of complaint is filed to obtain the construction of the will of William T. Brown who died May 7th, 1916. The will was admitted to probate by the surrogate of Essex County on June 1st, 1916.
The will was drawn by the testator who was not a lawyer and without the aid of counsel. The testator provided for his wife as follows: *Page 170 
"I hereby will and bequeath unto my beloved wife, Mary Spalding Brown, the entire income from my estate, real and personal, during her life time.
"In case of my death it is my wish that my said wife, Mary Spalding Brown, and my daughter, Harriet Irene Brown, be appointed executors for the settling of my estate, and after the estate is settled that they act as trustees of the estate."
The will contained no clear and definite statement as to when the trust should terminate. However, it contains the following provisions:
"Should any one of my children die without issue, the portion of such deceased child shall be divided equally among the remaining children.
"Should any of my children die after having children in lawful marriage, it is my desire that the child or children of such deceased child shall have the use of the said parent's portion in other words the use and income from my estate, after my death and that of my wife, is to be divided into four parts, each child to share and share alike, and each child's children, in the case of the death of said child, shall have the use of the said parent's portion."
The testator was survived by his wife and four children. A daughter, Harriet Irene Brown, died July 28th, 1934, unmarried and without issue. Her portion of the estate thereupon passed to the testator's other three children. Mary Spalding Brown, the wife of the testator, died July 15th, 1940.
The complainants are the three children of the testator and the grandchildren of the testator who have obtained their majority. The defendant is a grandchild of the testator, a minor under the age of 14 years, and appears by his guardian ad litem. There are no issue of the testator other than the complainants and the minor defendant.
Complainants pray for the determination of the following questions:
(1) Did the trust created by the will terminate upon the death of the testator's wife on July 15th, 1940, and should the complainants, trustees, distribute the assets of the trust to the testator's surviving children, or does the trust continue and shall the trustees continue to administer it;
(2) If the trust did not terminate upon the death of the testator's wife, the question is, how long does it continue: *Page 171 
(a) Is the entire estate to be held in trust until the death of the last survivor of the testator's children, or
(b) Is there a trust for each of the testator's children which terminates and becomes distributable as each such child dies?
Complainants take the position that the trust terminated upon the death of the testator's wife on July 15th, 1940. The defendant, on the other hand, after filing a brief contending that the trust did not terminate upon the death of the wife and that the entire estate is to be held in trust until the death of the last survivor of the testator's children, or, in the alternative, that there is a trust for each of the testator's children which terminates and becomes distributable as each child dies, now recedes from that position and concedes that it is untenable in the light of previous adjudications of the courts in this State.
The testator, as stated, does not expressly dispose of thecorpus of his estate upon the termination of the life estate to his wife which is provided for in his will. He did, however, employ the words "use" and "use and income" without limitation as to time in the paragraph of his will where he provides for the contingency of the death of a child after having children.
It is well established in this State that a gift of the use and income of property if for an unlimited time is a gift of the property itself, if there be no expression of a contrary intent. See Passman v. Guarantee Trust and Safe Deposit Co., 57 N.J. Eq. 273,276; Frelinghuysen v. Frelinghuysen, 80 N.J. Eq. 482,485; Moore v. Moore, 84 N.J. Eq. 39, 42; affirmed, 85 N.J. Eq. 150.
True, the rule stated is merely a rule of construction and not a rule of law. It raises a presumption for the court's guidance where the intent of the testator is not otherwise determinable. National Newark, c., Co. v. Arthur, c., BlindBabies, 113 N.J. Eq. 313, 315. This rule of construction is so well established that the testator must be presumed to have drawn his will with reference to it. Wills v. Wills, 72 N.J. Eq. 782;
affirmed, 73 N.J. Eq. 733; Supp v. Second National Bankand Trust Co., 98 N.J. Eq. 242, 246.
Testator's will provided for two different contingencies: *Page 172 
(a) the death of a child without issue, and (b) the death of a child after having children.
The question to be determined is whether these expressions mean death whenever such event may occur or death during the continuance of the life estate created for testator's wife. InBarrell v. Barrell, 38 N.J. Eq. 60, 62; affirmed, 39 N.J. Eq. 603,
Chancellor Runyon said:
"That clause provides that in case of the death of any one or more of the testator's children without leaving lawful issue, the share or shares of the one or more so dying shall go to the survivors or survivor of his children, but that if any of his children shall die leaving lawful issue living, such issue shall take the share his, her or their parent would have taken if living, share and share alike. It will be seen that here is a gift, absolute in terms, followed by alternative limitations over, which collectively provide for the event of the death of the donee under all possible circumstances — death either with or without issue. In such case the words of contingency are read as applying exclusively to the happening of the event in the testator's lifetime in order to avoid repugnancy, inasmuch as the alternative limitations over, if not so qualified and restricted, would reduce the prior devise from a fee to a life estate. 3Jarm. on Wills (R. T. ed.) 643. The obvious reason is that it is to be presumed that the testator, if he had intended to give only a life estate, would have said so in the first instance, in the terms of the gift itself. Mr. Hawkins says that where a gift of the absolute interest in property to one person is followed by a gift of it to another, in a particular event, the disposition of the courts is to put such a construction on the gift over as will interfere as little as possible with the prior gift, and that when in such case death is spoken of as a contingent event, a gift over in the event of death may well be considered to mean not death at any time but death before a particular period — for example, the period of distribution — and thus the gift over may be read as a gift by way of substitution and not of remainder, and that it is consequently a rule of construction that where there is a bequest to one person, and `in case of his death' to another, the gift over is construed to take effect only in the *Page 173 
event of the death of the prior legatee before the period of payment or distribution, unless an intention appear to the contrary. Hawk on Wills 254."
In Davis v. Scharf, 99 N.J. Eq. 88, 89, Vice-Chancellor Backes said:
"The accepted rule of construction of wills in this State is, where a limitation over upon failure of issue at the death of the devisee is incident to a devise of a remainder upon the termination of a life estate, to refer the limitation clause to the event of the death of the devisee before the death of the life tenant unless there are indications in the will of a contrary intent. The inclination of our decisions is to combine absolute ownership with the right of possession and enjoyment and to lay hold of other events than the death of the devisee at any time to affect that end, unless it be inconsistent with the expressed intention of the testator."
In view of the foregoing, it is my opinion that the testator's intent was to provide that his children should have the "use and income" from his estate (heretofore construed to mean his estate) absolutely, if they should be alive at the time of distribution to take it, that is, upon the death of the widow; and if any of the children should then be dead, their children should take in their stead, or, if they left no issue, the testator's remaining children should take by way of substitution. The estate vested in the testator's children immediately upon his death subject to be divested by the death of a child or children of the testator prior to the time of distribution; namely, the death of testator's wife, Mary Spalding Brown.
The gift to the testator's children was a remainder upon the termination of a life estate and the limitation over, in case of the death of any of the children, refers to death before the expiration of the life estate.
I conclude, therefore, that the trust terminated upon the death of the testator's widow, Mary Spalding Brown, and the three surviving children of the testator are entitled to have distribution of the estate made to them.
I will advise a decree in accordance with the views herein expressed. *Page 174