16 N.J. Super. 335 (1951)
84 A.2d 563
ADA PIERSON TEASDALE AND MARGARET PIERSON, PLAINTIFFS,
v.
HARRIET K. HARRISON, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided November 9, 1951.
*336 Mr. Walter G. Brandley, attorney for the plaintiffs.
Mr. Ezra W. Karkus for the defendant (Messrs. Karkus & Kantor, attorneys).
FREUND, J.S.C.
This case involves title to lands in the Township of Caldwell, New Jersey. The issue is to be determined by the construction of a will dated January 25, 1890, made by Philander S. Pierson, who died on August 20, 1893. The pertinent portion of the will provides as follows:
"Third: I give, bequeath and devise to my wife aforesaid, my homestead property on which I now reside, together with the tenant house adjoining the same and the six acre lot of land lying and being the great piece during her natural life, and after her decease then I give, bequeath and devise the said homestead property, tenant house, and six acre lot of land as above stated to Emma L. Harrison *337 upon the following conditions, viz:  That if the said Emma L. Harrison marries she shall retain full control of the said real estate, and of all moneys or monied securities hereinafter bequeathed to her as though she remained single, but if the said Emma L. Harrison shall decease before my wife aforesaid or shall die without issue, then and in that case after the decease of my wife aforesaid and of the said Emma L. Harrison, I give, bequeath and devise the said house and lands and the residue and remainder of the said securities to my two brothers, and in case of their decease to their surviving children share and share alike."
Both the widow, Mary E. Pierson, and Emma L. Harrison survived the testator. The former died in 1911 and the latter, on March 16, 1939, intestate and without issue, leaving a sister, Harriet K. Harrison, the defendant herein, her heir-at-law and next-of-kin, who claims title. Emma L. Harrison had been married, but her husband predeceased her. The testator was also survived by two brothers, Enos and Ashbel. Enos had no children. Ashbel was survived by two sons, Daniel and Harry. All of them, however, predeceased Emma L. Harrison. Daniel Pierson was survived by a daughter, Ada Pierson Teasdale, and Harry Pierson was survived by a daughter, Margaret Pierson. They are the plaintiffs in this suit, claiming that upon the death of Emma L. Harrison without issue, the title vested in them as the "surviving children" of decedent's brothers. The contest, therefore, is between the heir-at-law of Emma L. Harrison and the grandchildren of the testator's brother.
Of course, the primary consideration is the ascertainment of the intent of the testator as expressed in the will. After a life estate to his widow, the testator devised his property to Emma L. Harrison, and he directed that, even though she should marry, she should "retain full control of the said real estate * * * as though she remained single." Thus, it is apparent that the testator intended that Emma L. Harrison should be vested with the title free of the then existing disabilities of a married woman's ownership of realty. Such ownership included the right of alienation during her lifetime, and it is also implicit from the will that *338 if she did not convey title in her lifetime and was survived by issue, her issue would inherit. Therefore, she would be vested with the fee unless the following clause had the effect of divesting her thereof. The condition to be construed reads: "but if the said Emma L. Harrison shall decease before my wife aforesaid or shall die without issue, then and in that case after the decease of my wife aforesaid and of the said Emma L. Harrison," the property shall go to the testator's brothers or their surviving children.
Conditions subsequent are not favored by the law; they are strictly construed, and there is no defeasance unless the condition is fully and precisely fulfilled. Ricardo v. Kelly, 136 N.J. Eq. 365 (Prerog. 1945), affirmed 134 N.J.L. 540 (Sup. Ct. 1946); Brazzalle v. Dichm, 86 N.J.L. 276 (E. & A. 1914); Cody v. Fitzgerald, 2 N.J. 93 (1949).
Two long and well settled rules of construction govern this case.
Where a limitation over upon failure of issue at the death of a devisee is incident to a devise of a remainder upon the termination of a life estate, the limitation clause refers to the event of the death of the devisee before the death of the life tenant unless there are indications in the will of a contrary intent. Davis v. Scharf, 99 N.J. Eq. 88 (Ch. 1926). In Patterson v. Madden, 54 N.J. Eq. 714, 723 (E. & A. 1896), Chief Justice Gummere expounded the pertinent rule of construction:
"Where there is an event indicated in the will other than the death of the devisee to which the limitation over is referable (for instance, * * * the postponement of the enjoyment of the property devised * * * until the exhaustion of a prior life estate), such limitation over will be construed to refer to the happening of such event or to the death of the devisee, according as the court may determine from the context of the will and the other provisions thereof, that the limitation clause is set in opposition to the event specified or is connected with the devise itself."
Michael v. Minchin, 90 N.J.L. 603 (E. & A. 1917); Brown v. Robbins, 142 N.J. Eq. 169 (Ch. 1948).
*339 If the contingency upon which the property is limited over is predeceasing the life tenant or without issue, the word "or" will be read "and." Abrahams v. English, 17 N.J.L. 280 (Sup. Ct. 1839); Holcomb v. Lake, 25 N.J.L. 605 (E. & A. 1855); Shreve v. MacCrellish, 60 N.J. Eq. 198 (Ch. 1900). Thus construed, the clause reads: "but if the said Emma L. Harrison shall decease before my wife aforesaid and shall die without issue, * * *." Emma L. Harrison having survived the life tenant was vested with the fee.
Judgment accordingly.